SIMPLEX ELECTRIC CORP., Appellant,

v.

Warren HOLCOMB, Appellee.

No. 03–97–00043–CV.

Court of Appeals of Texas,
Austin.

July 3, 1997.

Rehearing Overruled Aug. 28, 1997.

David L. Brenner, Kristin Lee Gustavson, Burns, Anderson, Jury & Brenner, L.L.P., Austin, for Appellant.

Claude E. Ducloux, Hill, Ducloux, Carnes & Clark, Austin, for Appellee.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

Appellant Simplex Electric Corporation challenges a district court judgment affirming a Texas Workers' Compensation Commission appeals panel decision which concluded that Simplex did not have standing to dispute the compensability of a claim pursuant to Texas Labor Code section 409.011(b)(4). Tex. Lab.Code Ann. § 409.011(b)(4) (West 1996). We will affirm the district court's judgment.

## THE DISPUTE

Appellee Warren Holcomb, who had previously worked for Simplex for five years, returned to its employ in July 1992. In August 1992, he suffered a series of stress-related disorders. He allegedly suffered a heart attack on August 26, 1992. He soon left the job because he was unable to perform his duties.

Holcomb filed a claim for workers' compensation benefits with the Texas Workers' Compensation Commission on December 16, 1994. The Commission notified Simplex of the claim on January 5, 1995. Simplex gave its carrier notice of the claim, which the carrier received on or about January 9, 1995. Under Texas Labor Code section 409.021, the carrier had sixty days, or until March 10, 1995, in which to contest compensability. Although the carrier's records showed it had contested compensability in January 1995, the Commission did not receive notice of its contest.

Simplex called its carrier in April 1995, when it received notice of the first benefit review conference. The carrier assured Simplex that it was "taking care" of everything.

The carrier attended the conference and attempted to contest the issue of compensability.

On June 21, 1995, the carrier informed Simplex for the first time that it had never formally contested compensability. That same day, Simplex completed and mailed to the Commission its challenge to the compensability of the claimed injury. Simplex appeared at a benefits review conference on June 28, 1995, seeking to invoke its right under Texas Labor Code section 409.011(b)(4) to contest compensability on the ground that its carrier had accepted liability for the payment of benefits.

The hearings examiner held that Simplex did not have standing to challenge compensability because its carrier had missed the statutory deadline. Simplex and its carrier appealed that decision to a Texas Workers' Compensation Commission appeals panel, which upheld the examiner's conclusion. Simplex then sought review of the appeals panel's decision by a district court. Tex. Lab.Code Ann. § 410.251 (West 1996). The district court affirmed the decision of the appeals panel, and this appeal ensued.

## ANALYSIS

By a single point of error, Simplex argues that as a matter of law, the district court erred in affirming the appeals panel decision concluding that Simplex did not have standing to contest the compensability of a claim pursuant to Texas Labor Code section 409.011(b)(4). The two statutes relevant to this appeal are Texas Labor Code sections 409.011 and 409.021(a). Texas Labor Code section 409.011 provides:

(a) Immediately on receiving notice of an injury or death from any person, the commission shall mail to the employer a description of:

(1) the services provided by the commission;

(2) the commission's procedures, and

(3) the employer's rights and responsibilities under this subtitle.

(B) the information must include a clear statement of the following rights of the employer:

(b) The information must include a clear statement of the following rights of the employer:

(4) *the right to contest the compensability of an injury if the insurance carrier accepts liability for the payment of benefits . . .*

Tex. Lab.Code Ann. § 409.011(a), (b)(4) (West 1996) (emphasis added).

Section 409.021 provides:

(a) *An insurance carrier shall initiate compensation under this subtitle promptly.* Not later than the seventh day after the date on which an insurance carrier receives written notice of an injury, the insurance carrier shall:

(1) begin the payment of benefits as required by this subtitle; or

(2) notify the commission and the employee in writing of its refusal to pay and advise the employee of:

(A) the right to request a benefit review conference; and

(B) the means to obtain additional information from the commission.

.     .     .     .     .

(c) *If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability.*

Tex. Lab.Code Ann. § 409.021(a),(c) (West 1996) (emphasis added).

Our ultimate goal in construing a statute is to effectuate the legislature's intent. *Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex.1994). We resort to rules of construction only when the statute in question is ambiguous. *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974). The construction of a statute by an agency charged with its execution is entitled to serious consideration so long as the construction is reasonable and does not contradict the plain language of the statute. *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993); *see also* Tex. Gov't Code Ann. § 311.023(6) (West 1988).

■ At issue is the agency's decision that the carrier's inadvertent failure to contest compensability by the sixty-day deadline does not give rise to the employer's right to contest compensability. The appeals panel decision stated that the employer is not the "alter-ego" of the carrier and that to allow the employer to challenge compensability after its carrier had inadvertently missed the sixty-day deadline "would permit the employer to act as a safety net for the inaction of the carrier and sanction an easy circumvention by the carrier of its obligation under section 409.021 to initiate benefits or to timely contest compensability."

The appeals panel's interpretation does not contradict the statutory language. Section 409.011(b)(4) does not state that it gives the right to challenge compensability *even if* the insurance carrier fails to challenge compensability by the statutory deadline. The legislature could have so written, had it chosen to do so. For example, in section 409.011(b)(6), the legislature explicitly provided that an employer has the right to contest *the insurance carrier's failure* to provide accident prevention services required under subchapter E of Chapter 411. Tex. Lab.Code Ann. §§ 409.011(b)(6); 411.061–.068.

Instead, the legislature stated that the employer's right arose only if the carrier chose to "accept" liability. To "accept" means "to make an affirmative or favorable response to ... [to] undertake the responsibility of." Webster's Third New International Dictionary 10–11 (Philip B. Gove ed., 1986); *see also LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992) ("use" involves positive action). We hold that an inadvertent failure to act is not an acceptance.

■ Further, all sections of an act should be harmonized and given effect, if possible. *Sayre v. Mullins*, 681 S.W.2d 25, 27–28 (Tex. 1984). The apparent purpose of section 409.021 is to limit to sixty days the time in which to challenge the compensability of an injury. To allow the employer to challenge compensability after the sixty-day deadline has expired, in this case three months after the deadline expired, would contravene the purpose of the sixty-day limitations period.

Simplex cites an excerpt from a treatise on the 1989 Texas Workers' Compensation Act to support its argument that an employer may contest compensability even if its carrier has inadvertently missed the sixty-day deadline:

> The employer's right to contest compensability may be exercised when the carrier either accepts liability or fails to contest compensability within 60 days from the date the carrier receives notice of the injury, thereby waiving its right to do so.

John T. Montford, Will G. Barber, and Robert L. Duncan, *A Guide to Texas Workers' Comp Reform*, § 5.46 (Butterworth 1991) (hereinafter "Montford"); Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 5.10, 1989 Tex. Gen. Laws 1, 50. The treatise is obviously not binding on this Court. *See General Chemical Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex.1993). However, we note that the authors continue by observing that although the workers' compensation act does not state how or when the employer should exercise its rights, the treatise suggests that an employer should protect itself by filing a challenge to a questionable claim within the sixty day period. Further, the treatise posits that the purpose of according the employer the right to challenge compensability is that the carrier may have greater incentive to pay or settle a questionable claim to protect itself from exposure to damages for a bad-faith failure to pay a claim. Montford at § 5–46; *see generally Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210 (Tex.1988) (workers' compensation carrier owes duty to deal fairly and in good faith with injured employee). That purpose is not implicated by the insurer's inadvertent failure to file within the sixty-day time period.

Because we conclude that the agency's decision is reasonable and does not contradict the plain language of the statute, we overrule Simplex's single point of error. We affirm the district court's judgment.