OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 11, 2001

The Honorable Royce West
Chair, Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0398

Re: Whether section 25.092 of the Education Code, which relates to minimum attendance for class credit, is applicable to a student who is exempt from compulsory attendance under section 25.086 (RQ-0360-JC)

Dear Senator West:

You have requested our opinion regarding the relationship between section 25.086 of the Education Code, which relates to excused absences from compulsory school attendance for medical reasons, and section 25.092, which provides that a student may not be given credit for a class unless he is in attendance for at least ninety percent of the days the class is offered. *See* TEX. EDUC. CODE ANN. §§ 25.086, .092 (Vernon Supp. 2001). You ask how excused absences for medical reasons under section 25.086 are to be counted in computing the ninety percent attendance-for-class-credit requirement under section 25.092. For the reasons set forth below, we conclude that a student, in order to receive credit under section 25.092, is required actually to attend class for the requisite period regardless of whether his absences are excused or unexcused.

Subsection 25.085(a) of the Education Code states that "[a] child who is required to attend school under this section shall attend school each school day for the entire period the program of instruction is provided." *Id.* § 25.085(a). Subsection (b) declares that, "[u]nless specifically exempted by Section 25.086, a child who is at least six years of age, or who is younger than six years of age and has previously been enrolled in first grade, and who has not yet reached the child's 18th birthday shall attend school." *Id.* § 25.085(b). Section 25.086 exempts a child "from the requirements of compulsory school attendance," whenever the child:

> has a physical or mental condition of a temporary and remediable nature that makes the child's attendance infeasible and holds a certificate from a qualified physician specifying the temporary condition, indicating the treatment prescribed to remedy the temporary condition, and covering the anticipated period of the child's absence from school for the purpose of receiving and recuperating from that remedial treatment;

*Id.* § 25.086(a)(3). Section 25.087 deals with excused absences. A person who is "required to attend school," and thus not exempt from attendance under section 25.086, "may be excused for temporary absence resulting from any cause acceptable to the teacher, principal, or superintendent of the school

in which the person is enrolled." *Id.* § 25.087(a). Subsection (b) *requires* a school district to excuse a student from attending school "for the purpose of observing religious holy days, including traveling for that purpose." *Id.* § 25.087(b). It also directs a district to:

> excuse a student for temporary absence resulting from health care professionals if that student commences classes or returns to school on the same day of the appointment. A student whose absence is excused under this subsection may not be penalized for that absence and shall be counted as if the student attended school for purposes of calculating the average daily attendance of students in the school district. A student whose absence is excused under this subsection shall be allowed a reasonable time to make up school work missed on those days. If the student satisfactorily completes the school work, the day of absence shall be counted as a day of compulsory attendance.

*Id.*

These statutes set forth the compulsory school attendance requirements, note exemptions from those requirements in specific instances, and provide for two kinds of excused absences—permissive and mandatory. The statutes describe the minimum standards with which a person must comply if he is to avoid committing an offense under section 25.094 for "failure to attend school," a class C misdemeanor, and with which parents must comply to avoid violating section 25.093, which makes it an offense for a parent to thwart the compulsory attendance law, also a class C misdemeanor. *See id.* §§ 25.093, .094.

Subsection 25.092(a), on the other hand, has an entirely different purpose from that of section 25.086. It provides that, "[e]xcept as provided by this section, a student may not be given credit for a class unless the student is in attendance for at least 90 percent of the days the class is offered." *Id.* § 25.092(a). This statute furnishes a clear contrast with the compulsory attendance laws. Unlike those statutes, it does not contain exemptions or make allowance for excused absences. Rather, it states unequivocally that, as a prerequisite for receiving class credit, a student must attend class "for at least 90 percent of the days the class is offered." *See id.* On the other hand, section 25.092 makes allowance for extenuating circumstances:

> (b) The board of trustees of each school district shall appoint one or more attendance committees to hear petitions for class credit by students who are in attendance fewer than the number of days required under Subsection (a). Classroom teachers shall comprise a majority of the membership of the committee. A committee may give class credit to a student because of extenuating circumstances. Each board of trustees shall establish guidelines to determine what constitutes extenuating circumstances and shall adopt policies establishing alternative ways for students to make up work or regain

credit lost because of absences. The alternative ways must include at least one option that does not require a student to pay a fee authorized under Section 11.158(a)(15).

*Id.* § 25.092(b). Furthermore, subsection (d) declares:

> (d) If a student is denied credit for a class by an attendance committee, the student may appeal the decision to the board of trustees. The decision of the board may be appealed by trial de novo to the district court of the county in which the school district's central administrative office is located.

*Id.* § 25.092(d).

The substance of the section 25.092 requirement has been a part of the Education Code since 1984. In its first incarnation as House Bill 72, it provided that "[a] student may not be given credit for a class if the student has more than five days of unexcused absence during a semester." Act of June 30, 1984, 68th Leg., 2d C.S., ch. 28, § IV-E1, Part D, sec. 1, 1984 Tex. Gen. Laws 117, 167 (amending chapter 21, Education Code). In 1989, the legislature amended the statute in Senate Bill 1112 to exclude any reference to "unexcused absence." The provision adopted that year states: "*Except as provided by this section, a . . . student may not be given credit for a class unless the student is in attendance for at least 80 days . . . during a semester.*" Act of May 22, 1989, 71st Leg., R.S., ch. 353, § 1, 1989 Tex. Gen. Laws 1430 (emphasis added). The bill analysis to Senate Bill 1112, which enacted this version, declares in relevant part:

> H.B. 72 established strict guidelines for student attendance, disallowing credit for a class if the student has more than five days of unexcused absences in a semester. The Joint Interim Committee on High School Dropouts, the Senate Select Committee on the Juvenile Justice System, and the State Board of Education have found this requirement to be punitive, and should be modified to encourage students to remain in school.

> Many districts have reported an increased number of excused absences since H.B. 72. While the absences do not count against the student for the purposes of eligibility, the student is still out of the classroom, misses the instruction and must make up any assignments missed. The effects are the same on the student regardless of the type of absence, yet only those with unexcused absences are subject to the five day limit.

> Unexcused absences over the five day limit may also have the effect of causing at risk students to become actual dropouts. Students that have the academic potential for success and are satisfactorily

> passing classes may not receive credit for the courses if they have more than five unexcused absences. With no incentive to stay in school, they become prime candidates to be dropouts.
>
> *This legislation would require that a student attend class for 80 days in a semester in order to receive credit, and makes no distinction between excused and unexcused absences. Since the calendars for schools call for between 86 and 89 school days, this would allow a student to miss between six and nine total days and still receive credit. Additionally, districts would be required to set up attendance committees that could grant credit to a student who attends school less than 80 days due to extenuating circumstances. The districts would decide how extenuating circumstances are defined. This would provide for a system that would teach students to be responsible for their absences regardless of the reason.*

HOUSE COMM. ON PUBLIC EDUCATION, BILL ANALYSIS, Tex. S.B. 1112, 71st Leg., R.S. (1989) (emphasis added). The eighty-day requirement was amended in 1993 to reflect the present version of the statute, which now states that "a student may not be given credit for a class unless the student is in attendance for at least *90 percent of the* [80] days *the class is offered.*" Act of May 28, 1993, 73d Leg., R.S., ch. 347, § 8.27, sec. 21.041, 1993 Tex. Gen. Laws 1479, 1552 (emphasis in original).

Legislative history thus makes clear that at one time excused absences had to be factored in when computing the minimum attendance for class credit. Since 1989, however, the legislature has specifically removed excused absences from consideration in making this determination. On the other hand, any possible hardship resulting from this change has been mitigated by the "extenuating circumstances" provision of section 25.092. *See* TEX. EDUC. CODE ANN. § 25.092(b) (Vernon Supp. 2001).

Finally, the Texas Education Agency is in accord with this construction of section 25.092. A letter from the Agency's General Counsel, David A. Anderson, dated March 8, 2001, states:

> It is the position of the Agency that the 90 percent attendance requirement in § 25.092 applies regardless of whether the student is exempt from compulsory attendance under § 25.086 for the period of the absence or whether the absence is otherwise excused by the school district. Therefore, the attendance committee procedure and the district policies under § 25.092 apply to class credit for any student whose attendance since enrollment is less than 90 percent minimum requirement. Although the section applies regardless of the purpose of the absence, a district is not prevented from considering the reasons for absence in establishing and applying local policies

regarding extenuating circumstances and alternative methods of regaining credit.[1]

It is well established that the "construction of a statute by an agency charged with its execution is entitled to serious consideration so long as the construction is reasonable and does not contradict the plain language of the statute." *Simplex Elec. Corp. v. Holcomb*, 949 S.W.2d 446, 447 (Tex. App.–Austin 1997, pet. denied). Thus, both legislative history and administrative construction point irrevocably to the conclusion that the requirement of section 25.092 — that a student must attend class for ninety percent of the days on which the class is offered in order to receive credit for the class — is applicable without regard to whether the student is exempt from compulsory attendance under section 25.086.

---

[1]Letter from David A. Anderson, General Counsel, Texas Education Agency, to Merri Schneider-Vogel, Bracewell & Patterson, L.L.P. (Mar. 8, 2001) (on file with Opinion Committee).

## S U M M A R Y

The requirement of section 25.092 of the Education Code — that a student must attend class for ninety percent of the days on which the class is offered in order to receive credit for the class — is applicable without regard to whether the student is exempt from compulsory attendance under section 25.086.

Section 25.092 does, however, make allowance for extenuating circumstances. Students who are in attendance fewer than the number of days required may petition for class credit before an attendance committee appointed by the board of trustees of a school district. *See* TEX. EDUC. CODE ANN. § 25.092(b) (Vernon Supp. 2001). A student may appeal an adverse ruling of the attendance committee to the board of trustees and ultimately to a district court. *See id.* § 25.092(d).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee