OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 23, 2001

Dr. Cynthia S. Vaughn, D.C.
President, Texas Board of
   Chiropractic Examiners
333 Guadalupe, Suite 3-825
Austin, Texas 78701-3942

Opinion No. JC-0379

Re: Whether a licensed acupuncturist may perform "spinal manipulation" (RQ-0308-JC)

Dear Dr. Vaughn:

You have asked this office whether "spinal manipulation" is within the practice of acupuncture. As we understand it, your question relates specifically to a certain form of acupressure technique called Tui Na. The Texas State Board of Acupuncture Examiners ("BAE") and State Board of Medical Examiners ("BME"), which together regulate the practice of acupuncture in this state, *see* TEX. OCC. CODE ANN. § 205.101 (Vernon 2001), assert that this technique is within the practice of acupuncture as a form of "energy flow exercise."[1]

This office has generally deferred to the determinations made by boards regulating health professions as to what constitutes the scope of the practice they regulate. *See* Tex. Att'y Gen. Op. Nos. DM-423 (1996) at 3 (hyperbaric oxygen therapy regulated by Board of Medical Examiners to the extent it constitutes practice of medicine, and by Board of Podiatric Medical Examiners to the extent it constitutes practice of podiatry); DM-443 (1996) at 4 (needle electromyography constitutes both practice of medicine and practice of physical therapy). This deference is an application to the licensed health professions of the general rule that the "construction of a statute by an agency charged with its execution is entitled to serious consideration so long as the construction is reasonable and does not contradict the plain language of the statute." *Simplex Elec. Corp. v. Holcomb*, 949 S.W.2d 446, 447 (Tex. App.–Austin 1997, writ denied). In this instance, however, while we do not question the BAE's and BME's decision that Tui Na is a form of energy flow exercise, we note that the definition of acupuncture in the Occupations Code defines the practice to include only the "recommendation," rather than the "administration" of such exercises. TEX. OCC. CODE ANN. § 205.001(2)(B) (Vernon 2001). Accordingly, the administration of such exercises is not within the statutory definition of acupuncture.

---

[1]*See* Letter from Michele L. Shackelford, General Counsel, Texas State Board of Medical Examiners, to Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General, at 5 (Jan. 19, 2001) (on file with Opinion Committee) [hereinafter BME Brief].

As we understand it, your concern stems from incidents in which licensed acupuncturists have engaged in activity which you regard as within the practice of chiropractic, but which the BAE has declared to be within the practice of acupuncture. Notably, in an instance you detail in the attachments to your request letter, an acupuncturist performed what you regard as a spinal adjustment in a manner that may have been deleterious to the patient. In that case, the BAE found that the procedure involved was Tui Na, which "involves applying acupressure to acupoints, channels, and muscle groups. This procedure is considered to be within the scope of practice of acupuncture."[2] You dispute this determination, and accordingly ask whether "spinal manipulation" is within the practice of acupuncture.

The practice of acupuncture is defined in section 205.001 of the Occupations Code:

> "Acupuncture" means:
>
> (A) the nonsurgical, nonincisive insertion of an acupuncture needle and the application of moxibustion to specific areas of the human body as a primary mode of therapy to treat and mitigate a human condition; and
>
> (B) the administration of thermal or electrical treatments or the recommendation of dietary guidelines, *energy flow exercise*, or dietary or herbal supplements in conjunction with the treatment described by Paragraph (A).

TEX. OCC. CODE ANN. § 205.001(2) (Vernon 2001) (emphasis added).

The practice of chiropractic, on the other hand is defined *inter alia* as:

> (1) us[ing] objective or subjective means to analyze, examine, or evaluate the biomechanical condition of the spine and musculoskeletal system of the human body; [and]
>
> (2) perform[ing] nonsurgical, nonincisive procedures, including adjustment and manipulation, to improve the subluxation complex or the biomechanics of the musculoskeletal system; . . . .

*Id.* § 201.002(b).

---

[2]Letter from Dr. Cynthia S. Vaughn, D.C., to Honorable John Cornyn, Attorney General of Texas (Nov. 1, 2000) (on file with Opinion Committee) (*see* Attachment B – Letter from Becky Nichols, Chief of Investigations, Texas State Board of Acupuncture Examiners, to Kevin D. Kanz, D.C. (Aug. 12, 1999)).

We note that neither of these statutes refers to "spinal manipulation," the term about which you inquire. The chiropractic statute does refer to "manipulation, to improve the subluxation complex or the biomechanics of the musculoskeletal system." *Id.* However, the statute defines none of these terms.

When a statute does not define a particular term, we are charged to give the term its ordinary meaning. *See* TEX. GOV'T CODE ANN. § 312.002 (Vernon 1998). "Manipulate" is defined by the Oxford English Dictionary as "[t]o handle, esp. with dexterity; to manage, work, or treat by manual (and, by extension, any mechanical) means." IX OXFORD ENGLISH DICTIONARY 319 (2d ed. 1989). "Manipulation" is defined in the same source as "[t]he handling of objects for a particular purpose; manual management; in *Surgery*, the manual examination of a part of the body." *Id.*

The BME argues:

> There are several types of licensed practitioners in Texas whose work involves manipulation in the spinal area. To adopt the definition of spinal manipulation as set out by Chiropractic Law could exclude anyone other than licensees of the Chiropractic Board from performing procedures involving the spinal area. This would have the effect of one regulatory board establishing and enforcing the scope of practice for licensees not under its authority.

BME Brief, *supra* note 1, at 4.

However, section 201.003 of the Occupations Code specifically exempts registered nurses, vocational nurses, persons providing spinal screening services, physical therapists, massage therapists, and massage therapy instructors from regulation under chapter 201, relating to chiropractors, and further states that the chapter "does not limit or affect the rights and powers of a physician licensed in this state to practice medicine." TEX. OCC. CODE ANN. § 201.003(a), (b) (Vernon 2001). We note that licensed acupuncturists are not listed among those exempted.

The BME asserts that the specific kind of spinal manipulation at issue here is a recognized form of "energy flow exercise" within the meaning of section 205.001(2)(B) of the Occupations Code, a term which, they inform us "includes acupressure and Oriental bodywork." BME Brief, *supra* note 1, at 3. "Within acupuncture, there are different therapies involving touching the patient including massages, Tui Na, and Shiatsu. Acupressure does not involve severe thrusting as that described by the chiropractic definition of spinal manipulation. Instead, acupressure involves some gentle, subtle, gross and/or specific pressure to acupuncture points." *Id.*

This office has and professes no expertise with regard to matters such as these. *Cf.* Tex. Att'y Gen. Op. No. JC-0211 (2000) at 1 ("This office does not have the expertise to make the decision as to whether a particular act is being done to 'hair' or 'beard.'"). However, while the BAE and BME doubtless are better able to determine what constitutes an energy flow exercise or spinal manipulation than are we, the statutory definition of the practice of acupuncture, upon which we must rely, does not encompass the administration of such exercise, but only its recommendation.[4] Indeed, the subsection contrasts such "recommendation" with "the administration of thermal or electrical treatments," by permitting an acupuncturist to administer thermal or electrical treatments and to recommend dietary guidelines, energy flow exercise, or dietary or herbal supplements. TEX. OCC. CODE ANN. § 205.001(2)(B) (Vernon 2001). We cannot therefore concur with the view that the administration of such energy flow exercise is within the statutory definition of the practice of acupuncture.

---

[4]While there is some evidence that the administration of "energy flow exercise" as within the practice of acupuncture may have been considered in a conference committee report, the actual text of the statutory definition as adopted reads "*recommendation* of . . . energy flow exercise." Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 205.001, 1999 Tex. Gen. Laws 1431, 1611 (emphasis added). *See* CONFERENCE COMM. RPT., Tex. S.B. 1062, 73d Leg., R.S. (1993) (Conference Committee Report, May 29, 1993, comparing Senate and House versions of the bill, notes that "house version strikes the term 'therapeutic' [exercise] and replaces it with the terms 'energy flow' [exercise] to describe the types of exercises *allowed in acupuncture treatments*.") (emphasis added)).

## S U M M A R Y

While the technique called Tui Na, which involves some manipulation of the spinal area, may be an energy flow exercise within the meaning of section 205.001 of the Texas Occupations Code, the administration of such exercise is not within the statutory definition of the practice of acupuncture.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee