Amos WALKER, Appellant,

v.

ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellee.

No. 06–96–00031–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 6, 1996.

Decided Aug. 12, 1996.

---

James E. Polk, II, Dallas, for appellant.

Stephen G. Good, Kern & Wooley, Irving, for appellee.

Before CORNELIUS, C.J., and GRANT, J.

## OPINION

GRANT, Justice.

Amos Walker appeals from a trial court's judgment dismissing his case for want of jurisdiction to hear his appeal from a final decision of the Texas Workers' Compensation Commission.

Amos Walker injured his back in an on-the-job accident in 1991. He filed for and received workers' compensation but was dissatisfied with the award. He appealed within agency guidelines, and the appeals panel affirmed the award. Walker then filed suit in the 76th District Court, seeking judicial review of the decision. He alleged that the award was not supported by the evidence and that the new version of the Workers' Compensation Act was unconstitutional. The trial court ruled that it lacked jurisdiction and dismissed the case.

Amos Walker contends that jurisdiction lies in the 76th District Court. Although Argonaut Southwest Insurance Company supported the agency's contention that venue lay only in a district court in Travis County, it has now retreated from that argument, and admits that venue in the county of the injured party's residence is proper. Section 410.252 provides in pertinent part that the party may bring suit to appeal the decision of the appeals panel in the county of his residence at the time of the injury. TEX.LABOR CODE ANN. § 410.252 (Vernon 1996).

Judicial jurisdiction in suits involving workers' compensation is appellate in character, even though the trial in such cases is *de novo*. *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.1974); *Pacific Indemnity Insurance Co. v. Liberty Mutual Insurance Co.*, 834 S.W.2d 91, 92 (Tex. App.—Austin 1992, no writ). Argonaut does not argue that Walker did not wholly exhaust his administrative remedies as required before seeking judicial review.

Argonaut argues that the trial court's dismissal is proper because the suit seeking judicial review was untimely filed, citing TEX. GOV'T CODE ANN. § 2001.176 (Vernon 1996) (requiring suit to be filed within thirty days after final decision). Walker filed suit September 1, 1994, following a final decision by the appeals panel on July 27, 1994. If this section applied, his suit would have been untimely filed.

The Labor Code states that "[e]xcept as otherwise provided by this chapter, Chapter 2001, Government Code does not apply to a proceeding under this chapter." TEX.LABOR

CODE ANN. § 410.003 (Vernon 1996). The Labor Code specifically provides that "[a] party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX.LABOR CODE ANN. § 410.252 (Vernon 1996). This grant of judicial review is limited in operation, however, by subsequent language found in Section 410.255, stating that "[f]or all issues other than those covered under Section 410.301(a) [compensability or eligibility for or the amount of income or death benefits], judicial review shall be conducted ... under Subchapter G, Chapter 2001, Government Code."

■ In summary, if Walker sought judicial review for any purpose other than the panel's determinations on compensability or eligibility for or the amount of income or death benefits, he was required to file his suit within thirty days of the decision. Walker's original petition complains of the appeal panel's determinations that (1) the hearing officer correctly set Walker's impairment rating at thirteen percent in accordance with the designated doctor's amended report; (2) Walker had reached maximum medical improvement on May 1, 1991; (3) the panel failed to rule on his constitutional arguments; (4) that the designated doctor's determination was entitled to presumptive weight; (5) the use of the AMA guidelines' threshold of fifteen percent for supplemental income was constitutional; and, (6) the hearing officer did not abuse his discretion by denying Walker the opportunity to take the depositions of the designated doctor and treating physician.

Walker attached a copy of the appeals panel's decision to his petition. In that decision the panel held that (1) the hearing officer was not required to reject the designated doctor's opinion merely because he had amended his report; (2) the hearing officer's determination on impairment was supported by the evidence; (3) the designated doctor's opinion carries presumptive weight by statutory authority; (4) administrative agencies have no power to determine the constitutionality of statutes; and, (5) that Walker had waived his request to depose the doctor be-

cause he did not timely object to the hearing officer's refusal to authorize the depositions.

Argonaut argues that none of the contentions in the suit fall within the Chapter 410 permissive designations for judicial review, thus the timetable for filing the appeal is controlled by Chapter 2001 of the Government Code. On that basis, Argonaut concludes that the suit had to be filed within thirty days instead of forty, and because it was untimely filed, jurisdiction did not lie in the district court.

This is a strained reading of the statute. Although Walker brings no particular argument stating "the panel erred by failing to award me the correct amount of money," every argument listed above attacks some aspect of the fact-findings and legal determinations under which Walker received less money than he sought. Thus, we conclude that the timetable set out by the Labor Code controls, and the suit was timely filed.

Argonaut also contends that the district court correctly decided that it had no jurisdiction because judicial review is "limited to issues decided by the commission appeals panel and on which judicial review is sought." TEX.LABOR CODE ANN. § 410.302 (Vernon 1996). A suit under the Labor Code provision is limited to issues decided by the commission appeals panel, and the pleadings must specifically set forth the determinations of the panel by which the party is aggrieved. *Id.* The Agency thereby argues that jurisdiction does not lie in the district court because Walker's claims of unconstitutionality were not ruled on by the appeals panel, and because his sole issue decided by that panel involved a question of law: whether a designated doctor's opinion should be given presumptive weight in a hearing.

### 1) Constitutionality

■ The commission appeals panel decided that it could not decide because it had no power to do so. The statute at issue had the effect of allowing a lower recovery for Walker, and the panel refused to consider its validity. If the scope of judicial review does not encompass this question, there appears to be no forum where it could be addressed. The Texas Supreme Court addressed this

issue by reviewing a constitutional issue under the workers' compensation act in *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504 (Tex.1995), thus setting a precedent that the constitutionality of a provision of the workers' compensation act is subject to judicial review. The fact that the outcome is questionable or even that a loss on the merits is likely does not divest the trial court of jurisdiction over the constitutionality issue. The court's ruling cannot be sustained on this ground.

### 2) Weight to be given designated doctor's testimony

This issue involves a question of legal interpretation of a statute. The panel ruled adversely to Walker's position that the designated doctor's testimony should not be given presumptive weight. Argonaut contends that Walker cannot possibly win, thus dismissal for want of jurisdiction is appropriate. We disagree. Even if it appears from a surface reading of the petition that Walker will lose on the merits, this does not divest the trial court of jurisdiction over the case. The trial court erred by dismissing this case for want of jurisdiction.

The cause is reversed and remanded for trial.