In re **TYLER ASPHALT & GRAVEL COMPANY, INC., Relator.**

No. 14–03–00073–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 29, 2003.

Jeffrey S. Levinger, Dallas, Scott G. Ball, Plano, for Tyler Asphalt & Gravel Company, Inc.

Daniel Farris Crowder,Dennis M. Beck, Randy G. Donato, Houston, for Maria Gaona and Donacino Gaona.

Randy G. Donato, for Alto U.S.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Relator, Tyler Asphalt & Gravel Company, Inc., seeks a writ of mandamus ordering respondent, the Honorable Sharolyn Woods, to abate the underlying suit. We conditionally grant the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Reynaldo Gaona was electrocuted and died while using a power sprayer to wash his car on Tyler's premises. Although Reynaldo was Tyler's employee at the time of his death, whether his death occurred in the course and scope of his employment is disputed.

In April of 2000, Real Parties in Interest, Maria and Donacino Gaona, Individually and as Representatives of the Estate of Reynaldo Gaona, filed the underlying suit in Harris County against Tyler and the manufacturer and owner of the power sprayer. The Gaonas allege Reynaldo's death was caused by Tyler's negligence. Tyler asserts that the negligence claims are barred by the exclusive remedy provision of the Texas Workers' Compensation Act [1] because Reynaldo's death occurred in the course and scope of his employment.[2] See TEX. LAB.CODE ANN. § 408.001 (Vernon 1996).

The course and scope issue also became the subject of a workers' compensation proceeding. After Tyler paid Reynaldo's funeral expenses, it sought reimbursement from its workers' compensation carrier. The carrier contested the compensability of Reynaldo's death asserting it did not occur in the course and scope of his employment. After the parties were unable to resolve their dispute at a benefit review conference, a contested case hearing was held. The hearing officer ruled that Reynaldo sustained a compensable injury and awarded death benefits to the Gaonas and burial benefits to Tyler. The carrier appealed that decision to an appeals panel. In what the appeals panel called an unusual turn of events, the Gaonas also contested the decision.[3] The appeals panel affirmed the hearing officer's decision.

In November of 2000, the carrier filed suit in the 114th Judicial District Court of Smith County, Texas, seeking judicial re-

---

1. All subsequent references to the "Act" are to the Texas Workers' Compensation Act.

2. The Gaonas pleaded that Reynaldo's death did not occur in the course and scope of his employment.

3. According to the appeals panel, the Gaonas took this position so they could prosecute the underlying suit.

view of the appeals panel decision. The Gaonas also challenged the appeals panel decision in the Smith County suit, but, alternatively, requested affirmance and death benefits should the court find Reynaldo's death compensable. Pursuant to a motion by the Gaonas, the Smith County court abated its suit. The Smith County court has also granted several continuances.[4] Thus, the Smith County suit has not yet been tried.

Meanwhile, after several continuances in the underlying Harris County suit, the court set trial for a two-week period beginning January 20, 2003. On December 12, 2002, Tyler filed a supplemental motion to abate contending the suit should be abated until the Smith County case is "decided."[5] On January 16, 2003, the trial court heard and denied the motion to abate and ordered the parties to appear for trial on January 30, 2003.[6] Tyler then filed this petition for writ of mandamus and a request for temporary relief. We stayed the trial pending our ruling on the mandamus petition.

## II. MANDAMUS STANDARD OF REVIEW

 Mandamus relief is available if the trial court clearly abuses its discretion, either in resolving factual issues or determining legal principles, when there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *John-*

*son v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). To show abuse of discretion in determining legal principles, the relator must show the trial court clearly failed to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 840. The relator must also show that it has no other adequate remedy. *Id.* A remedy by appeal is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Id.* at 842.

## III. ABUSE OF DISCRETION

Tyler contends the trial court abused its discretion by refusing to abate the underlying suit until the statutory workers' compensation process for determining the course and scope issue is complete. It contends that process includes judicial review; thus, the Smith County court has *exclusive jurisdiction* to determine the course and scope issue because Reynaldo lived in Smith County at the time of his death. *See* TEX. LAB.CODE ANN. § 410.252(b)(1) (Vernon 1996) (requiring judicial review in county of employee's residence at time of death). The Gaonas respond that the statutory process was complete when the appeals panel issued its decision; thus, the Harris County court has *dominant jurisdiction* because the underlying suit was filed before the Smith County suit.

### A. JURISDICTIONAL DOCTRINES

 We first distinguish the exclusive and dominant jurisdiction doctrines

4. The Gaonas assert the Smith County suit is abated until after the Harris County trial; however, the record does not reflect this. In fact, in one of its continuance orders, the court crossed through the Gaonas' proposed language that the case be abated until after the Harris County trial; instead, the court set trial for a later date although that setting was subsequently continued.

5. Tyler filed its first motion to abate on the same grounds on February 13, 2001, but the trial court denied the motion "at that time."

6. The trial court first ordered the parties to appear for trial on January 21, 2003, but changed the date to January 30, 2003 because Tyler's counsel had a conflicting trial setting.

because our ruling rests, to some extent, upon the applicable doctrine. With respect to an administrative process, under the exclusive jurisdiction doctrine, the Legislature grants an agency the sole authority to make an initial determination in a dispute. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002). An agency has exclusive jurisdiction when a statutory scheme indicates the Legislature intended the statutory process to be the exclusive means of remedying the problem to which the statute is addressed. *Id.*[7] Whether an agency has exclusive jurisdiction depends on statutory interpretation. *Id.* Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Id.* Until then, a trial court lacks subject matter jurisdiction and must dismiss without prejudice those claims within the agency's exclusive jurisdiction. *Id.* In some instances, however, the statutory scheme may necessitate that an administrative agency with exclusive jurisdiction make certain findings before a trial court may finally adjudicate a claim. *Id.* Under those circumstances, if a party files its claims in the trial court before an agency resolves the issue within its exclusive jurisdiction, but the jurisdictional impediment can be removed, then the trial court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured. *Id.* at 221–22; *Henry v.*

*Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex.2002). With respect to a court, exclusive jurisdiction is the power a court exercises over an action or person to the exclusion of all other courts. *Taub v. Aquila Southwest Pipeline Corp.*, 93 S.W.3d 451, 456 n. 8 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (citing BLACK'S LAW DICTIONARY 564 (6th ed.1990)).

■ Regarding the dominant jurisdiction doctrine, when suits involving the same subject matter are brought in different courts, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). The court with the first-filed suit should proceed, and the other suit should be abated. *See id.* This rule applies when both courts are proper forums for the suit. *See id.*

### B. SMITH COUNTY COURT HAS EXCLUSIVE JURISDICTION.

■ We agree with Tyler that the Smith County court has exclusive jurisdiction because determination of the course and scope issue is committed to the statutory workers' compensation process, judicial review is a part of that process, and judicial review must occur in Smith County.

### 1. COURSE AND SCOPE ISSUE COMMITTED TO STATUTORY WORKERS' COMPENSATION PROCESS

7. In *Subaru*, the court also explained the primary jurisdiction doctrine because courts have confused exclusive and primary jurisdiction. 84 S.W.3d at 220–21. Despite similar terminology, exclusive jurisdiction is jurisdictional whereas primary jurisdiction is prudential. *Id.* at 220. The primary jurisdiction doctrine allocates power between courts and agencies when both have authority to make initial determinations in a dispute. *Id.* at 221. Trial courts should allow an administrative agency to initially decide an issue when (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations. *Id.* If the primary jurisdiction doctrine requires a trial court to defer to an agency to make an initial determination, the court should abate the lawsuit and suspend a final adjudication of the claim until the agency has an opportunity to act on the matter. *Id.*

The Texas Workers' Compensation Commission clearly has exclusive jurisdiction to determine compensability because the Act vests the power to determine whether a claimant is entitled to workers' compensation benefits solely in the Commission, subject to judicial review. *See Henry,* 70 S.W.3d at 809 (citing *Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 804 (Tex.2001) and holding trial court could not adjudicate employee's claim for bad faith denial of workers' compensation benefits without determining whether she was entitled to benefits, a matter within the Commission's exclusive jurisdiction); *Saenz v. Fid. & Guar. Ins. Underwriters,* 925 S.W.2d 607, 612 (Tex.1996) (stating Act vests power to award workers' compensation benefits solely in Commission, subject to judicial review). The Commission's exclusive jurisdiction to determine compensability necessarily encompasses exclusive jurisdiction to determine whether an injury or death occurred in the course and scope of employment. *See* Tex. Lab.Code Ann. § 401.011(10) (Vernon Supp.2003) (defining compensable injury as "an injury that arises out of and in the course and scope of employment for which compensation is payable" under the Act).

Both parties rely on *In re Luby's Cafeterias, Inc.,* 979 S.W.2d 813 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding), to support their positions. In *Luby's,* we recognized the Commission's exclusive jurisdiction over compensability. In that case, a Luby's employee filed a workers' compensation claim after she was assaulted by a fellow employee. *Id.* at 814. The carrier originally denied the claim on the grounds the employee did not sustain a compensable injury but later reopened the claim at the employer's urging after new information was revealed. *Id.* at 814–15. A hearing officer eventually determined the employee sustained a compensable injury. *Id.* at 815. However, an appeals panel reversed and remanded for further factual determinations on the compensability issue. *Id.* Meanwhile, the employee filed a negligence suit against Luby's. *Id.* Claiming the employee sustained a compensable injury, Luby's asserted the exclusive remedy defense and requested abatement of the negligence suit pending the Commission's final determination. *Id.* at 815–16. After the trial court refused to abate, Luby's sought mandamus relief. *Id.* at 815.[8] We concluded the trial court abused its discretion because it had no choice but to abate. *Id.* at 817. Further, we stated that the jury would have to determine the compensability issue before it could consider the negligence claims, but the compensability issue was within the Commission's "exclusive primary jurisdiction." *Id.* at 816–17.[9] Most significant to the present dispute was our following statement:

> Luby's is requesting an abatement of the trial only until the Commission makes a final decision. It is not requesting an abatement until a *de novo* appeal is decided by a district court.

---

**8.** While the mandamus petition was pending, the hearing officer ruled on remand that the injury was compensable, but the employee acknowledged that decision would be appealed. *Luby's,* 979 S.W.2d at 815.

**9.** In *Luby's,* we did not have the benefit of the Texas Supreme Court's recent clarification of the doctrines in *Subaru.* We referred to the Commission's "exclusive primary jurisdiction" at one point, but cited the primary jurisdiction doctrine at another point. *Luby's,* 979 S.W.2d at 816–17. Regardless of terminology, our reasoning was in line with the exclusive jurisdiction doctrine because we stated "[w]here the Legislature has committed a matter to an agency, the agency's primary jurisdiction is exclusive," and we recognized the Legislature committed the compensability issue to the Commission. *Id.*

Thus, any such appeal of the Commission's decision on the compensability issue can be consolidated with the underlying lawsuit and the discovery that has occurred to date can be used in that suit. *Id.* at 816 (citations omitted).

The Gaonas interpret our holding as requiring abatement only until an appeals panel makes a final decision. Tyler maintains we merely made an observation in response to the employee's argument that discovery in the negligence suit would be wasted if it were abated. *See id.* Tyler further maintains the reasons the *Luby's* court required abatement are more critical here because the compensability issue had not yet been decided in *Luby's* whereas here, the Commission has determined Reynaldo's death is compensable.

Regardless of the parties' differing interpretations of *Luby's*, it does not completely control here because it left open the issue in this case—whether judicial review is part of the statutory process such that the Smith County court has exclusive jurisdiction to determine the course and scope issue; or whether judicial review is considered a new suit such that the Harris County court has dominant jurisdiction to determine the issue.[10]

**2. JUDICIAL REVIEW IN SMITH COUNTY IS PART OF STATUTORY WORKERS' COMPENSATION PROCESS**

 The Act and case law interpreting it demonstrate the Legislature intended that judicial review be a part of the exclusive statutory process for determining compensability. In construing a statute,

our primary aim is to give effect to the Legislature's intent. *Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex.2000); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994). We must construe a statute as written and endeavor to ascertain legislative intent from its language. *Osterberg*, 12 S.W.3d at 38; *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001). We must always consider the statute as a whole rather than its isolated provisions. *Helena Chem. Co.*, 47 S.W.3d at 493.

The Act provides that a proceeding before the Commission to determine a carrier's liability for compensation is governed by Chapter 410 of the Act. TEX. LAB.CODE ANN. § 410.002 (Vernon 1996). Chapter 410 prescribes successive procedures for resolution of a claim by the Commission. *See* TEX. LAB.CODE ANN. §§ 410.021–.308 (Vernon 1996 & Supp.2003); *see also Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 78 (Tex.App.-Dallas 1995, writ denied) (stating the Act's provisions regarding successive steps in the progress and maturity of a claim are mandatory). These procedures include judicial review. *See* TEX. LAB.CODE ANN. §§ 410.251–.308. Specifically, judicial review is the fourth tier of the four-tier system for disposition of claims by the Commission. *In re Tex. Workers' Comp. Ins. Fund*, 995 S.W.2d 335, 336 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding) (citing TEX. LAB.CODE ANN. § 410.251–.308); *Subsequent Injury Fund, State of Tex. v. Serv. Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).[11]

**10.** This is apparently an issue of first impression in Texas. The parties do not cite, and we have not found, a Texas case addressing this issue. Further, the parties do not cite, and we have not found a case from another state addressing this issue. Nevertheless, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discre-

tion. *See Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996); *Lozano v. Lozano*, 975 S.W.2d 63, 66 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Therefore, we may determine whether the trial court's refusal to abate was erroneous.

**11.** The first tier is the benefit review conference at which the benefit review officer has

Further, section 410.205 of the Act discusses the effect of an appeals panel decision during judicial review:

(a) A decision of an appeals panel regarding benefits is final in the absence of a timely appeal for judicial review.

(b) The decision of the appeals panel regarding benefits is binding during the pendency of an appeal under Subchapter F or G.

TEX. LAB.CODE ANN. § 410.205 (Vernon 1996 & Supp.2003).[12]

Therefore, contrary to the Gaonos' argument that the statutory process was complete upon the appeals panel issuing its decision, the Act expressly provides the decision, though binding, is *not final* during the pending judicial review. *Id.* § 410.205(b).

In addition, contrary to the Gaonas' suggestion that judicial review should be treated as an entirely new suit, judicial review is appellate in character even though it is referred to as *de novo*. *Walker v. Argonaut Southwest Ins. Co.*, 929 S.W.2d 499, 500 (Tex.App.-Texarkana 1996, no writ) (citing *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex. 1974)); *Ankrom*, 900 S.W.2d at 77 (citing *Paradissis*, 507 S.W.2d at 529). In fact, with respect to compensability issues, the

current Act replaced true *de novo* judicial review with *modified de novo* review. *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 252–53 (Tex.1999); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex.1995); *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 559 (Tex.App.-Fort Worth 1995, writ denied). This means there is a right to trial by jury of all compensability issues. TEX. LAB.CODE ANN. § 410.304; *Garcia*, 893 S.W.2d at 515; *ESIS*, 908 S.W.2d at 559. However, the party appealing bears the burden of proof by a preponderance of the evidence. TEX. LAB.CODE ANN. § 410.303; *Garcia*, 893 S.W.2d at 515; *ESIS*, 908 S.W.2d at 559. The court must inform the jury of the appeals panel decision, but the jury is not required to accord it any particular weight. TEX. LAB.CODE ANN. § 410.304(a); *Garcia*, 893 S.W.2d at 515; *ESIS*, 908 S.W.2d at 559–60.[13] Instead, the jury decides the issues independently based on a preponderance of the evidence, but review is limited to the issues that were before the appeals panel. TEX. LAB. CODE ANN. §§ 410.302 .303; *Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 200 (Tex. App.-Fort Worth 2002, pet. denied) (citing *Garcia*, 893 S.W.2d at 531). New evidence (other than that presented to the hearing officer), as well as the Commission's rec-

---

the authority to order or decline to order benefits. TEX. LAB.CODE ANN. §§ 410.021–.034; *Tex. Workers' Comp. Ins. Fund,* 995 S.W.2d at 336; *Subsequent Injury Fund,* 961 S.W.2d at 675. The second tier is the contested case hearing although the parties may agree to arbitrate between the benefit review conference and the contested case hearing. TEX. LAB.CODE ANN. §§ 410.101–.121; 410.151–.169; *Tex. Workers' Comp. Ins. Fund,* 995 S.W.2d at 336; *Subsequent Injury Fund,* 961 S.W.2d at 675. The third tier is review by an administrative appeals panel. TEX. LAB.CODE ANN. §§ 410.201–.209; *Tex. Workers' Comp. Ins. Fund,* 995 S.W.2d at 336–37; *Subsequent Injury Fund,* 961 S.W.2d at 675. The fourth tier is judicial review of the appeals panel

decision. TEX. LAB.CODE ANN. § 410.251–.308; *Tex. Workers' Comp. Ins. Fund,* 995 S.W.2d at 337; *Subsequent Injury Fund,* 961 S.W.2d at 675.

**12.** Subchapter F governs judicial review in general. *See* TEX. LAB.CODE ANN. §§ 410.251–.256. Subchapter G governs judicial review of compensability issues in particular. *See id.* §§ 410.301–.308.

**13.** Conversely, in a bench trial, the court shall consider the decision of the appeals panel in rendering its judgment. TEX. LAB.CODE ANN. § 410.304(b); *ESIS*, 908 S.W.2d at 560 n. 4.

ord, is admissible at trial. TEX. LAB.CODE ANN. § 410.306(a),(b); *Peterson v. Cont'l Cas. Co.,* 997 S.W.2d 893, 894 n. 2 (Tex. App.-Houston [1st Dist.] 1999, no pet.); *ESIS,* 908 S.W.2d at 560.

Finally, although neither party presents any conclusive authority on whether the Smith County court has exclusive jurisdiction to determine the course and scope issue, in *Northwinds Abatement, Inc. v. Employers Ins. of Wausau,* 69 F.3d 1304, 1311 (5th Cir.1995), the Fifth Circuit determined that exhaustion of an administrative process includes judicial review when judicial review is authorized by the applicable statute.[14] Northwinds sued Wausau, its workers' compensation servicing company, on various tort and breach of contract theories alleging Wausau mishandled and improperly paid some fraudulent workers' compensation claims. *Id.* at 1306–07. The district court rejected Wausau's jurisdictional challenge, that Northwinds had not exhausted the administrative remedies prescribed by the provisions of the Texas Insurance Code governing Northwinds' coverage. *Id.* at 1307–08.[15] On appeal, the Fifth Circuit stated that the

merit of Northwinds' suit depended on a determination that the claims were indeed fraudulent and improperly paid. *Id.* at 1310–11. However, the Texas Legislature had committed that determination to the administrative process including resolution through the Texas Workers' Compensation Insurance Facility, the Commission, and the State Board of Insurance, subject to judicial review in Travis County. *Id.* at 1307–11 (citing TEX. INS.CODE ANN. art. 5.76–2, § 2.05(d); TEX. ADMIN. CODE tit. 28, § 1.51(b); TEX. GOV'T CODE ANN. §§ 2001.171–.178). Most significantly, the Fifth Circuit held that the district court should have abated the suit *"until the administrative and judicial review procedures* prescribed by the Texas Insurance Code had yielded final determinations" on whether Wassau improperly paid the claims. *Id.* at 1311 (emphasis added).[16]

In sum, we conclude judicial review of the appeals panel course and scope decision is part of the statutory workers' compensation process.[17] The Act mandates that judicial review occur in the county where the employee resided at the time of injury or death. TEX. LAB.CODE

14. Although we are not bound by that decision, it does provide guidance. *See Landry's Seafood Rest., Inc. v. Waterfront Cafe, Inc.,* 49 S.W.3d 544, 549 n. 2 (Tex.App.-Austin 2001, pet. dism'd).

15. Northwinds had high-risk coverage governed by article 5–76.2 of the Texas Insurance Code, which has since been repealed. *See Northwinds,* 69 F.3d at 1305–06.

16. In reaching its conclusion that abatement was required, the court applied the primary jurisdiction doctrine instead of the exclusive jurisdiction doctrine because the relevant administrative agencies had authority to initially determine whether the claims were improperly paid, but no authority to award damages for tort or breach of contract. *Northwinds,* 69 F.3d at 1310–11. However, while *Northwinds* supports our decision that the statutory workers' compensation process includes judicial review, it does not support application of

the primary jurisdiction doctrine instead of the exclusive jurisdiction doctrine. After *Northwinds,* the Texas Supreme Court clarified the primary and exclusive jurisdiction doctrines, at least under Texas law, and stated that an agency does have exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a dispute. *See Subaru,* 84 S.W.3d at 221.

17. Although not addressing the same jurisdictional issue presented in this case, several other states have indicated they also regard judicial review as part of their statutory workers' compensation processes. *See e.g. Everett v. Saif Corp.,* 179 Or.App. 112, 38 P.3d 952, 955 (2002); *Ellingson & Assoc., Inc. v. Keefe,* 410 N.W.2d 857, 860 (Minn.Ct.App.1987); *Fleming v. Nat'l Cash Register Co.,* 188 Kan. 571, 363 P.2d 432, 436 (1961).

ANN. § 410.252(b)(1). A statute which lodges in the courts of a single county the exclusive power to try a certain type of case is jurisdictional, not a matter of venue. *See Duncan v. Tex. Dep't of Pub. Safety,* 6 S.W.3d 756, 758 (Tex.App.-Tyler 1999, no pet.); *see also Argonaut Southwest Ins. Co. v. Walker,* 64 S.W.3d 654, 657 (Tex.App.-Texarkana 2001, pet. denied) (recognizing requirement that judicial review petition be timely filed in county of employee's residence at time of injury or death is jurisdictional). It is undisputed Reynaldo resided in Smith County at the time of his death. Accordingly, Smith County has exclusive jurisdiction to determine the course and scope issue.[18]

## C. ABATEMENT IS REQUIRED

■ Although the Smith County court has exclusive jurisdiction to determine the course and scope issue, it cannot adjudicate the Gaonas' negligence claims if it determines Reynaldo's death occurred outside the course and scope of his employment. However, the viability of the negligence claims in the underlying suit depends on the Smith County court's determination on the course and scope issue due to Tyler's exclusive remedy defense. Therefore, this is an instance where an exclusive statutory process must yield certain findings before a trial court may adjudicate a claim. *See Subaru,* 84 S.W.3d

at 221–22; *Henry,* 70 S.W.3d at 809. In such an instance, abatement, not dismissal, is appropriate to allow a reasonable opportunity for a trial court's jurisdictional impediment to be removed.[19] *See Subaru,* 84 S.W.3d at 221–22; *Henry,* 70 S.W.3d at 809. Accordingly, the trial court abused its discretion by refusing to abate the underlying suit until judicial review is complete. We sustain Tyler's second issue.

## IV. NO ADEQUATE REMEDY BY APPEAL

■ Having found an abuse of discretion, we must consider whether Tyler has an adequate remedy by appeal. Ordinarily, a trial court's refusal to abate is an incidental ruling for which a party has an adequate remedy by appeal. *See Abor v. Black,* 695 S.W.2d 564, 566–67 (Tex.1985); *Luby's,* 979 S.W.2d at 815; *In re Kimball Hill Homes Tex., Inc.,* 969 S.W.2d 522, 524–25 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding). However, there are certain exceptions such as when a court interferes with the jurisdiction of another court or fails to observe a mandatory statutory provision conferring a right. *See Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex.1995); *Luby's,* 979 S.W.2d at 815; *Kimball Hill,* 969 S.W.2d at 525. Tyler asserts it has no adequate remedy by appeal because the trial court has interfered with the Smith County court's exclusive jurisdiction and denied Tyler the benefits

---

18. Having concluded the Smith County court has exclusive jurisdiction, we necessarily reject application of the dominant jurisdiction doctrine because the Harris County court is not a proper forum. *See Wyatt,* 760 S.W.2d at 248. Further, the Harris and Smith County suits do not involve the same parties as required for dominant jurisdiction to apply; the carrier is a party to the Smith County suit, but not the Harris County suit. *See Clawson v. Millard,* 934 S.W.2d 899, 900 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding) (citing *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974)).

19. Further, dismissal is inappropriate because the Gaonas have asserted an exemplary damages claim against Tyler, as well as claims against third parties. *See* TEX. LAB. CODE ANN. § 408.001(b) (exempting from the exclusive remedy provision recovery of exemplary damages for an employee's death caused by the employer's gross negligence or intentional act); *Frias v. Atl. Richfield Co.,* 999 S.W.2d 97, 103 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (stating Act does not prohibit an action for exemplary damages based upon an employer's gross negligence or intentional tort).

of the workers' compensation scheme to which it subscribed. It also argues it has no adequate remedy by appeal due to the potential for confusion and conflicting judgments if the Harris County suit is tried first.

## A. TYLER DENIED STATUTORY RIGHTS

We have already found that the trial court has interfered with the exclusive jurisdiction of the Smith County court. We further find that by so doing, the trial court has deprived Tyler of its statutory rights as a workers' compensation subscriber. The Act is contractual in nature and controls the rights and obligations of the parties regarding compensation claims. *See Escajeda v. Cigna Ins. Co. of Texas,* 934 S.W.2d 402, 405 (Tex.App.-Amarillo 1996, no writ); *Luby's,* 979 S.W.2d at 816 (citing *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 212 (Tex.1988)). By paying workers' compensation premiums, Tyler bargained for the right to have the course and scope issue resolved through the process prescribed by the Act, thereby saving it the time, expense, and uncertainty of litigation. *See* TEX. LAB.CODE ANN. § 410.002; *Luby's,* 979 S.W.2d at 817 (citing *Aranda,* 748 S.W.2d at 212). Because that process includes judicial review, the trial court would deprive Tyler of that right by forcing it to defend negligence claims while judicial review is pending.

Further, the trial court's action would deprive Tyler of its right to claim the exclusive remedy provision of the Act. *See* TEX. LAB.CODE ANN. § 408.001. There is currently a *binding* appeals panel decision that Reynaldo's death occurred in the course and scope of his employment, and

the Gaonas are entitled to death benefits. *See* TEX. LAB.CODE ANN. § 410.205 (providing that appeals panel decision is binding during judicial review); *Lopez v. Tex. Workers' Comp. Ins. Fund,* 11 S.W.3d 490, 495 (Tex.App.-Austin 2000, pet. denied) (stating that administrative ruling-whether granting or denying benefits-remains in effect until overturned by final, enforceable judicial decision, and benefits are payable, or not, in accordance with appeals panel decision until final judicial decision rules otherwise).[20] The trial court would controvert that binding decision and, consequently, the exclusive remedy provision by trying the negligence claims while judicial review is pending.

Finally, the trial court's action would improperly shift the burden of proof on the course and scope issue to Tyler. The exclusive remedy bar is an affirmative defense on which Tyler would bear the burden of proof in a negligence action. *See Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 43 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). However, section 410.303 of the Act mandates that the party seeking to overturn an appeals panel decision-here, the Gaonas and the carrier-bear the burden of proof in the judicial review. TEX. LAB.CODE ANN. § 410.303. Therefore, the trial court would controvert that provision by trying the negligence claims while judicial review is pending.

## B. POTENTIAL FOR CONFUSION AND CONFLICTING JUDGMENTS

While Tyler's statutory arguments are most persuasive, we also agree with its practical arguments regarding the potential for confusion and conflicting judg-

---

**20.** Although a carrier must pay benefits during judicial review if an appeals panel finds an injury is compensable, it may later be reimbursed if the finding is overturned. TEX. LAB.CODE ANN. § 410.209 (Vernon Supp.2003);

*See Lopez,* 11 S.W.3d at 495. Conversely, if an appeals panel finds that an injury is not compensable, the carrier need not pay benefits during judicial review. *See Lopez,* 11 S.W.3d at 494–95.

ments if the underlying suit were tried first. In *Luby's*, we recognized that a judgment in the negligence suit before the Commission's compensability determination would "inject needless uncertainty and confusion" due to the potential for conflicting rulings and a waste of resources. *Luby's*, 979 S.W.2d at 816–17.[21] Here, the carrier is not a party to the Harris County suit, and not necessarily bound by its decision. *See Sysco Food Servs., Inc. v. Trappell*, 890 S.W.2d 796, 801–02 (Tex.1994) (stating to establish collateral estoppel, it is necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action). Thus, the course and scope issue could be tried again in Smith County with a different result if the Harris County suit were tried first. In contrast, the Gaonas and Tyler are both parties to the Smith County suit; thus, its determination on course and scope would bind the parties if it were tried first. *See id.*

The Gaonas argue that they may be denied any recovery if the Smith County suit is tried first because the position they take in that suit depends on the outcome of the Harris County trial. We disagree. Regardless of their strategy for trying the negligence claims first, when Reynaldo elected to participate in the system, he voluntarily relegated his common-law

rights and remedies in favor of the rights ensured by the Act. *See Ankrom*, 900 S.W.2d at 77–78 (citing *Paradissis*, 507 S.W.2d at 529); *see also* TEX. LAB.CODE ANN. § 406.034 (Vernon 1996) (providing participation in the workers' compensation system is voluntary for employees, as well as employers). While we have focused on Tyler's rights because it is the party seeking relief, the Act is primarily intended to promptly and fairly compensate injured employees and relieve them of the burden of proving their employers' fault. *See Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17 (Tex.2000) (citing *Paradissis*, 507 S.W.2d at 529); *Luby's*, 979 S.W.2d at 817 (citing *Aranda*, 748 S.W.2d at 212). The Gaonas will not be denied those rights if the compensability issue is resolved through the process mandated by the Act. If judicial review ultimately affirms the decision that Reynaldo's death occurred in the course and scope of his employment, the Gaonas can continue to recover death benefits. On the other hand, if the judicial review ultimately reverses that decision, the Gaonas may prosecute the negligence claims against Tyler.[22]

Accordingly, Tyler has no adequate remedy by appeal from the trial court's abuse of discretion in refusing to abate the un-

---

21. In *Luby's*, we did not apply the jurisdictional and statutory exceptions to the general rule that a party has an adequate remedy by appeal of denial of a motion to abate; rather, we found Luby's had no adequate remedy by appeal for these practical reasons. *Luby's*, 979 S.W.2d at 816–17. However, we later stated that "Luby's will forever lose the benefit of its bargain" under the Act if forced to trial, then the Commission subsequently decides the employee's injury is compensable, noting that result would "nullify the very purpose" of the Act. *See id* at 817. Therefore, our decision to apply the jurisdictional and statutory exceptions in this case is consistent with our reasoning in *Luby's*.

22. During submission, the Gaonas discussed the potential risk that an employee's negligence suit against an employer could be barred by the statute of limitations if the employee must wait to file suit until the course and scope issue is finally determined by the workers' compensation process. However, we do not address any potential statute of limitations concerns because the Gaonas have already filed suit; we require abatement of the proceedings, and not their dismissal, until the workers' compensation process, including judicial review, finally determines whether Reynaldo's death occurred in the course and scope of his employment.

derlying suit until judicial review is complete. We sustain Tyler's first issue.

## V. No Waiver of Mandamus

■■■■ Finally, the Gaonas contend that Tyler waived its right to mandamus relief by (1) waiting too long to reurge the motion to abate and thereafter seek mandamus relief; and (2) taking an adverse position in the Smith County suit.[23] We disagree. The Gaonas rightly contend that a motion to abate based on another court's dominant jurisdiction must be timely raised, or it is waived. *See Wyatt,* 760 S.W.2d at 248; *Howell v. Mauzy,* 899 S.W.2d 690, 698 (Tex.App.-Austin 1994, writ denied). They are also correct that delay in filing a mandamus petition may constitute waiver. *See Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367–68 (Tex. 1993). Further, they are generally correct that a party may waive a right by intentional conduct that is inconsistent with an intent to claim that right. *See Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 643 (Tex.1996). However, the basis for abatement here is the Smith County court's exclusive jurisdiction. Subject matter jurisdiction cannot be conferred by waiver, consent, or estoppel at any stage of a proceeding. *See Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 294–95 (Tex.2001) (holding school district could not waive jurisdictional challenge to retaliatory discharge suit despite plaintiff's claim that school district attorney misled her by not informing her of mandatory administrative process); *Taub,* 93 S.W.3d at 461 (holding landowner could not waive county court's exclusive jurisdiction over condemnation action by failing to object when it was filed as a counterclaim in landowner's district court trespass action).

**23.** Although Tyler did not initiate abatement of the Smith County suit, it stated in a motion for continuance "trial at this time is prema-

Accordingly, Tyler could not waive its right to mandamus relief from the trial court's refusal to abate.

## VI. Conclusion

Having found the trial court abused its discretion by refusing to abate the underlying suit until judicial review is complete, we conditionally grant relator's petition for writ of mandamus. We are confident the trial court will vacate its order of January 16, 2003 and will abate this suit until the judicial review of the appeals panel decision is complete. If the trial court fails to do so, the writ will issue.

ture since the Harris County litigation has not been resolved by trial."