In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-096 CV


____________________



IN RE CMM CONSTRUCTION COMPANY, INC.






Original Proceeding






MEMORANDUM OPINION (1)


 In this original proceeding the relator, CMM Construction Company, Inc.
("CMM"), seeks a writ of mandamus directing the trial court to vacate an order to compel
depositions and abate the suit. The real parties in interest, Gracie Malbrough, acting
individually and on behalf of the Estate of Albert Malbrough, Deceased, Albert Malbrough
II, Rick Malbrough, Keenan Mitchell, Torrie St. Julien, and Brittany Mitchell,
(collectively, "Malbrough") filed a wrongful death and survival action against CMM and
Mason Construction, Ltd. CMM, a subscriber to workers' compensation coverage, filed
a motion to abate the suit until the Texas Workers Compensation Commission ("TWCC")
enters a final decision regarding Albert Malbrough's status as an employee. The hearing
on the motion was not recorded. Without ruling on CMM's motion to abate, the trial court
found Malbrough would be entitled to depose on the gross negligence action regardless of
any finding by the TWCC and granted Malbrough's motion to compel the depositions of
Ora Magee and Scot Schwartzberg. From the record before us, it appears the deponents
are a CMM employee and an attorney presented by CMM as an expert witness on the
status of the workers' compensation case. Thus, the parties seeking and resisting
discovery are the same parties involved in the underlying administrative proceeding. 

 CMM argues the trial court erred in permitting discovery to proceed because the
TWCC has exclusive jurisdiction and is the sole authority to make an initial determination
of whether the injury is compensable. See In re Louisiana-Pacific Corp., 112 S.W.3d 185,
188 (Tex. App.-Beaumont 2003, orig. proceeding) (Trial court abused its discretion by
failing to abate suit pending resolution of borrowed servant issue in TWCC appeal.); In
re Tyler Asphalt & Gravel Co., Inc., 107 S.W.3d 832, 843-44 (Tex. App.-Houston [14th
Dist.] 2003, orig. proceeding) (Mandamus appropriate where trial court refused to abate
negligence suit pending judicial review of TWCC appeals panel decision.); In re Luby's
Cafeterias, Inc., 979 S.W.2d 813, 817 (Tex. App.-Houston [14th Dist.] 1998, orig.
proceeding) (Because compensability is an issue within the exclusive primary jurisdiction
of the TWCC, the trial court abused its discretion when it failed to abate the negligence
trial pending a final decision by the Commission.). The real parties in interest respond that
there is no jurisdictional conflict with the trial court and the TWCC because the TWCC
ruled that Malbrough is not the employee of CMM and that they, the real parties in
interest, are not contesting that administrative ruling. They attempt to distinguish the
holding in Tyler Asphalt on the grounds that case did not involve gross negligence. 
Clearly, however, Tyler Asphalt did involve issues of gross negligence. Tyler Asphalt, 107
S.W.3d at 843, n. 19. 

 In Tyler Asphalt, the administrative case was appealed to district court and abated
while the wrongful death case proceeded to trial. Id. at 836. The appellate court ruled the
wrongful death case must be abated because the forum hearing the administrative appeal
had exclusive jurisdiction to determine the course and scope issue. Id. at 842-43. In that
case, the trial court denied the motion to abate and the relator sought relief from the order
denying the motion to abate. In our case, however, the trial court has not ruled on CMM's
motion to abate, and the present status of the administrative case is contested by the
parties. 

 The trial court has the discretion to permit the parties to conduct discovery on
jurisdictional issues. See Texas Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217,
227-28 (Tex. 2004) (Acknowledging the trial court may examine evidence to determine
challenge to subject matter jurisdiction.). The challenged order here permits the taking of
two depositions before the trial court takes up the matter of abatement. We hold that the
trial court may, in its discretion, permit discovery limited to jurisdictional issues. 
However, this particular order also permits discovery on gross negligence issues not
related to the trial court's decision to abate the case. An order that purports not to rule on
the abatement requested by the defendant, but then proceeds to allow discovery on the
merits of the case, is inherently inconsistent. The trial court should not permit discovery
of matters unrelated to the abatement, before conducting a hearing or ruling on the merits
of the motion to abate. Otherwise merely through inaction, the trial court can deprive the
relator of a right to which it is entitled. See Cooke v. Millard, 854 S.W.2d 134, 135 (Tex.
App.-Houston [1st Dist.] 1992, orig. proceeding) (An appellate court may compel a trial
judge to hear and rule on pending motions.). We hold that the trial court must stay
discovery on the merits until the trial court determines and rules on the motion to abate. 
The trial court may permit depositions to be taken on issues related to the determination
of its jurisdiction to proceed with the case.

 We are confident that the trial court will vacate its order of February 14, 2005, and
limit the scope of the depositions to issues related to the determination of whether the case
must be abated. The writ will issue only if the trial court fails to comply.

 WRIT CONDITIONALLY GRANTED. 


 PER CURIAM



Opinion Delivered April 21, 2005 

Before Gaultney, Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.