Opinion filed November 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00245-CV

                                                    __________

 

IN RE TEXAS MUTUAL
INSURANCE COMPANY ET AL



 

                                         Original
Mandamus Proceeding

 



 

O
P I N I O N

            Relators
Texas Mutual Insurance Company; Steven Painter; Tonya Wright, individually and
as representative of the estate of Earl A. Wright, III, deceased; Virginia
Weaver, individually and as representative of the estate of Albert A. Carrillo
and as next friend of Albert A. Carrillo, Jr., a minor, (Texas Mutual) filed a
petition for writ of mandamus, seeking to compel the trial court to grant their
plea to the jurisdiction and to dismiss the suit of real party in interest,
Amerimex Drilling I, Ltd.  We conditionally grant Texas Mutual’s petition.

I.  Background
Facts

Painter,
Wright, and Carrillo were crewmembers in Amerimex’s oil drilling operations. After
work on July 28, 2007, Amerimex driller J.C. Burchett was driving the
crewmembers to a company-owned bunkhouse when they were involved in an
automobile accident.  Burchett and Painter were injured, and Wright and Carrillo
were killed.  Burchett filed a claim for workers’ compensation benefits.  The
crewmembers and their representatives did not.  Amerimex’s carrier, Texas
Mutual, disputed Burchett’s claim.  The Texas Department of Insurance—Division
of Workers’ Compensation found that Burchett suffered a compensable injury and
ordered Texas Mutual to pay benefits.  Texas Mutual filed suit to appeal this
determination.

            Meanwhile,
Amerimex initiated proceedings at the Division to determine whether the
injuries suffered by Painter, Wright, and Carrillo were covered by its workers’
compensation policy.  A Division appeals panel found that Amerimex lacked
standing.  The appeals panel also determined that, if Amerimex did have
standing, it would have found that the crewmembers were not injured in the
course and scope of employment and, therefore, that their injuries were not
covered by Amerimex’s workers’ compensation policy.

Amerimex
filed a petition in intervention in the judicial review case between Texas
Mutual and Burchett, seeking a declaratory judgment that Painter, Wright, and
Carrillo were injured in the course and scope of employment.  Texas Mutual
filed a plea to the jurisdiction, arguing that Amerimex lacked standing to
intervene.  The crewmembers and their representatives, who were added as
defendants by Amerimex’s petition, also filed pleas to the jurisdiction.  The trial
court denied the pleas to the jurisdiction.

II. 
Issue

Texas
Mutual seeks a writ of mandamus ordering the trial court to grant relators’
plea to the jurisdiction and to dismiss Amerimex’s suit for lack of standing.

III. 
Standard of Review

To
be entitled to the extraordinary relief of a writ of mandamus, Texas Mutual
must show that the trial court abused its discretion and that there is no
adequate appellate remedy.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute clear and prejudicial
error of law or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., LP, 164 S.W.3d 379, 382 (Tex. 2005)
(orig. proceeding).  In determining whether appeal is an adequate remedy, we
consider whether the benefits outweigh the detriments of mandamus review.  In
re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex. 2008) (orig.
proceeding).  The failure to grant a plea to the jurisdiction for failure to
exhaust administrative remedies with the Division is subject to mandamus review
in order to prevent disruption of the orderly processes of government.  In
re Liberty Mut. Fire Ins. Co., 295 S.W.3d 327, 328 (Tex. 2009) (orig.
proceeding).

 

IV. 
Did the Trial Court Abuse its Discretion By Finding that Amerimex Had
Standing?

Standing
is a prerequisite to subject-matter jurisdiction.  Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 553, 558 (Tex. 2000).  The Workers’ Compensation
Act vests the Division with exclusive jurisdiction to determine a claimant’s
entitlement to benefits, subject to judicial review.  In re Liberty, 295
S.W.3d at 328.  Judicial review is available only to a party that has exhausted
its administrative remedies and that is aggrieved by a final decision of an
appeals panel.  Tex. Lab. Code Ann.
§ 410.251 (Vernon 2006).  The Act provides two ways for an employer to bring a
claim with the Division:  either as a subclaimant or by disputing the
compensability of a claim if the carrier has accepted liability for the payment
of benefits.  Tex. Lab. Code Ann.
§§ 409.009, 409.011(b)(4) (Vernon 2006).

Texas
Mutual argues that Amerimex lacked standing to intervene because Amerimex was
not a subclaimant and because it did not accept liability for the crewmembers’
claims.  Amerimex responds that it has standing to enforce its rights as a
policyholder – the workers’ compensation bar to tort claims, that it is an
aggrieved party, that it is a subclaimant, and that the Division’s conflicting
course and scope rulings present a justiciable controversy.

A.  Was Amerimex a
Subclaimant?

Amerimex argues that it had
standing to bring a claim with the Division as a subclaimant, maintaining that
its payment of health insurance premiums after the crewmembers’ accident was
“compensation” within the meaning of the Act.  A person qualifies as a
subclaimant if he has provided compensation, directly or indirectly, to or for
an employee or legal beneficiary; if he has sought and been refused
reimbursement from the insurance carrier; and if he has filed a written claim
with the Division.  Section 409.009.

The
Act defines “compensation” as the “payment of a benefit.”   Tex. Lab. Code Ann. § 401.011(11)
(Vernon Supp. 2010).  A “benefit” is defined as “a medical benefit, an income
benefit, a death benefit, or a burial benefit based on a compensable injury.”  Section
401.011(5).  “Medical Benefit” means “payment for health care reasonably required
by the nature of a compensable injury.”  Section 401.011(31).  “Health care
reasonably required” means “health care that is clinically appropriate and
considered effective for the injured employee’s injury.” Section 401.011(22-a). 
“Income benefit” means “a payment made to an employee for a compensable injury”
other than a medical benefit, death benefit, or burial benefit.  Section 401.011(25). 
“Death benefit” means a payment made “to a legal beneficiary because of the
death of an employee.”  Section 401.011(13).  An example of a “burial benefit”
would be the “actual costs incurred for reasonable burial expenses.”  Tex. Lab. Code Ann. § 408.186(a)(1)
(Vernon 2006).

The
ultimate goal in construing a statute is to effectuate the legislature’s
intent.  Union Banker’s Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex.
1994).  To ascertain the legislature’s intent, we examine the statute’s plain
language.  City of DeSoto v. White, 288 S.W.3d 389, 394-95 (Tex. 2009). 
Because the words chosen by the legislature “should be the surest guide to
legislative intent,” the text is determinative unless enforcement of the
statute’s plain language would produce absurd results.  Entergy Gulf States,
Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009).

Payment
of health insurance premiums does not fit within any of the statutory
categories of benefits. Compensation benefits address a specific on-the-job
injury. Health insurance premiums do not.  They are contractual payments for
insurance coverage for a specified period of time and for a defined group of
people.  Because of the wide variances in coverage provided by health insurance
policies and the lack of evidence of any medical coverage provided to the
crewmembers, we cannot even be sure that Amerimex’s policy provided coverage
for on-the-job injuries.  Premium payments, therefore, are not compensation
within the meaning of the Act.  Even if we are in error, Amerimex provided no
evidence that it requested but was denied reimbursement from Texas Mutual,[1]
Amerimex did not file a claim for reimbursement with the Division,[2]
and it has not identified any reimbursable claim for which Texas Mutual is
responsible.  Amerimex does not have standing as a subclaimant under Section 409.009.

B.  Was Amerimex Contesting the Compensability
of a Claim for which Texas Mutual has Accepted Liability?

 

The
Act gives an employer the right to dispute the compensability of a claim if the
carrier has accepted liability for the payment of benefits.  Section
409.011(b)(4).  The crewmembers did not file claims with Division, and Texas
Mutual has not otherwise accepted liability for any claims resulting from the
accident.  Amerimex, therefore, does not have standing under Section 409.011(b)(4).

C.  Does Amerimex Otherwise
have Standing?

Amerimex
maintains that Section 409.011 of the Texas Labor Code is merely a notice
provision and that it does not set forth an exhaustive list of an employer’s
rights.  It argues that, beyond the rights provided by Sections 409.009 and
409.011, an employer has a contractual right to have course and scope issues
resolved administratively.

We
ascertain legislative intent by looking at the entire act, including the
caption and body.  See Hartford Ins. Co. v. Crain, 246 S.W.3d 374 (Tex.
App—Austin 2008, no pet.); Morroquin v. State, 112 S.W.3d 295 (Tex.
App.—El Paso 2003, no pet.).  Section 409.011 is entitled “Information
Provided to Employer; Employer’s Rights.”  It requires the Division to give
notice to the employer of “the employer’s rights and responsibilities under
[the Workers’ Compensation Act].”  Section 409.011(a)(3).  It then lists the
rights this notice must include, among them the right to contest the
compensability of a claim if the carrier has accepted liability.  Section
409.011(b).  Consequently, we disagree with Amerimex.  Section 409.011 is not
merely a notice provision but is descriptive of its rights.  See Simplex
Elec. Corp. v. Holcomb, 949 S.W.2d 446, 448 (Tex. App.—Austin 1997, pet.
denied) (holding that an employer does not have the right to contest
compensability of a claim after the carrier failed to dispute liability within
the requisite time limits, as this failure was not acceptance of liability).

Amerimex,
however, argues that it has much broader standing rights, and it relies heavily
upon In re Tyler Asphalt & Gravel Co., 107 S.W.3d 832 (Tex.
App.—Houston [14th Dist.] 2003, orig. proceeding).  In Tyler, an
employee was killed while on the employer’s premises.  The employee’s family
filed a tort suit in Harris County against the employer and others.  The
employer asserted the workers’ compensation bar as an affirmative defense.  Additionally,
because it had previously paid the employee’s burial expenses, the employer sought
reimbursement from its workers’ compensation carrier.  The carrier contested
the claim, contending that the employee was not within the course and scope of
his employment at the time of his accident.  The Division found that the
employee was within the course and scope of his employment, and the carrier
filed suit in Smith County to seek judicial review of this decision.  Id.
at 836-37.  The employer filed a motion to abate the Harris County tort litigation,
and when this motion was denied, it filed a petition for writ of mandamus.  Id.
at 837.

The
Houston Court was primarily concerned with resolving the conflicting
jurisdictional issues caused by two trial courts being simultaneously asked to
determine whether the employee was acting within the course and scope of his
employment at the time of his death.  But, in its analysis, the Houston Court
made comments that both parties have seized upon.  Texas Mutual highlights the
Houston Court’s statement that the Act is contractual in nature and that, by
paying insurance premiums, employers bargained for the right to have course and
scope issues resolved through the Division’s more efficient administrative
process.  Id. at 844.  Amerimex interprets this as authority that it
always has standing to go before the Division to have course and scope issues
resolved.

The
Houston Court’s statement, however, must be read in context.  The employer’s
standing was not in question because it was a subclaimant.  The question was whether
the Harris County tort litigation should be stayed pending the resolution of
the Smith County judicial review suit.  Both suits involved the same course and
scope issue, and each court was equally able to address it.  The resolution of
which court had jurisdiction, however, carried procedural consequences.   If
the Harris County tort suit proceeded, the employer would be unable to assert
its exclusivity defense because the Division’s course and scope finding was
binding pending the judicial review suit.  The employer had the burden of proof
on course and scope in the tort trial, but the employee’s family did in the
judicial review suit.  Id. at 844.  The Houston Court correctly noted
that an employer has contractual rights as a subscriber and that, to protect
these rights, the judicial review suit should not be impacted by a competing
tort suit.  It found, therefore, that the court in Smith County had exclusive
jurisdiction.  Id. at 838.

The
Houston Court’s statement on the employer’s contractual right to an
administrative determination does not mean that employers always have
standing.  The court summarized its analysis by writing, “Smith County . . .
has exclusive jurisdiction because determination of the course and scope issue
is committed to the statutory workers’ compensation process, judicial review is
part of that process, and judicial review must occur in Smith County.”  Id. 
This analysis assumes the Division’s jurisdiction over the course and scope
issue was properly invoked.  If so, that jurisdiction could not be defeated by
collateral tort litigation.  That assumption cannot be employed here because the
Division’s jurisdiction was not properly invoked if Amerimex does not have
standing.

The
Houston Court was concerned that the employer would lose its rights as a
subscriber if the tort suit proceeded.  Amerimex contends that it is in a
similar situation and complains that the Division’s conflicting course and
scope findings placed it in an impossible situation.  Amerimex advises us that
the plaintiffs in the tort suit are attempting to hold it liable for Burchett’s
actions under a respondeat superior theory.  It is concerned that they might
attempt to introduce the Division’s finding that Burchett was in the course and
scope of his employment and argue that this is improper because the Division
determined course and scope under the Act’s standard but that a different
standard applies for respondeat superior claims.

We
empathize with the concern over the Division’s conflicting course and scope findings
and the propriety of an alternative course and scope finding when the Division
has determined that Amerimex did not have standing but disagree that this has
placed Amerimex in an impossible situation.  If the tort claimants attempt to
introduce the Division’s findings in the Burchett proceeding, we are confident
that the trial court can appropriately consider Amerimex’s concerns.

Amerimex
does not have a general contractual right of standing.

D.  Was Amerimex Aggrieved
by a Final Decision?

Only a party that has
exhausted its administrative remedies and that is aggrieved by a final decision
of the appeals panel may seek judicial review.  Tex. Lab. Code Ann. § 410.251 (Vernon 2006).  To be aggrieved
by a final decision, the loss resulting from the final decision must be actual
and immediate.  Ins. Co. of State of Pa. v. Orosco, 170 S.W.3d 129, 133
(Tex. App.—San Antonio 2005, no pet.).

Amerimex argues that it is
aggrieved by the Division’s decision that it lacked standing to bring the
crewmembers’ claims because it now must litigate the crewmembers’ personal
injury lawsuit in the midst of conflicting Division course and scope findings.  It
characterizes this as an imposition of a legal injustice.  The future defense
of a personal injury lawsuit is not an actual and immediate loss.  See
Orosco, 170 S.W.3d at 133 (the possibility of a future loss is not an
actual and immediate loss).  Moreover, the Division’s decision did not require
Amerimex to pay any money or deprive it of any substantive defense.

Amerimex’s position assumes
that, if we find that it had no standing to initiate a course and scope
proceeding with the Division, this will impose a defensive obligation that it
would not otherwise have.  This assumption is incorrect.  The crewmembers have
the right to claim that they were not in the course and scope of their
employment but that Burchett was.  To this claim, Amerimex has the right to
assert the affirmative defense that workers’ compensation benefits are their
exclusive remedy.  Regardless of whether the crewmembers’ course and scope
issue is resolved in the judicial review suit or the tort litigation, Amerimex
will be required to defend itself and will be required to carry the same burden
of proof.  It would be less expensive for Amerimex if the crewmembers’ claims
were adjudicated with Burchett’s judicial review suit, but the legislature has
chosen to give employers limited standing.  We cannot disregard that decision. 

Amerimex was not aggrieved by
a final decision of the appeals panel, and it did not have standing to
intervene in the judicial review suit between Texas Mutual and Burchett.

V.  Conclusion

The
petition for writ of mandamus is conditionally granted.  The trial court is
directed to set aside its August 19, 2010 order and to enter an order granting
the plea to the jurisdiction against Amerimex.  The writ will issue only if the
trial court fails to act on or before December 1, 2010, in accordance with
this opinion.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

November 12,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Amerimex directs our attention to the Hearing Officer’s
Decision and Order in the crewmember-related proceedings it initiated and to
the transcript of the contested case hearing involving Burchett as evidence
that it did file a claim for reimbursement.  In the Amerimex-initiated
proceedings, the Hearing Officer found that Amerimex had:

 

[F]ailed to show that it had sought and been refused
reimbursement from the carrier for these premiums.  Although the Chief
Financial Officer testified that he sought reimbursement from the Carrier for
payment of group health insurance premiums, his testimony did not provide
sufficient evidence of how and in what amounts he sought reimbursement, and
whether and in what manner the insurance carrier refused.

 

Amerimex directs us to nothing in the record to refute the Hearing
Officer’s conclusions or to otherwise show that Texas Mutual refused its
request.

 

At the beginning of the contested case hearing
involving Burchett, Amerimex’s counsel told the Hearing Officer that the
proceeding was not filed as a subclaimant claim but that they had presented a
subclaim to Texas Mutual.  Counsel’s statement to the Hearing Officer is no
evidence of a reimbursement request.

 





[2]Amerimex tells us in its response that it filed a
written claim with the Division, but it does not direct our attention to any
evidence of that claim.