Lucas LOPEZ, Appellant,

v.

TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellee.

No. 03–99–00229–CV.

Court of Appeals of Texas, Austin.

Feb. 3, 2000.

Michael P. Doyle, Lance C. Arney, Cook, Doyle & Bradshaw, L.L.P., Houston, for Appellant.

Lynne Liberato, Haynes and Boone, L.L.P., Houston, David P. Boyce, Wright & Greenhill, P.C., Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

Our opinion and judgment issued herein on November 18, 1999 are withdrawn, and the following is substituted in lieu thereof.

In March 1998, the district court in Jim Wells County rendered judgment on a jury verdict that appellant Lucas Lopez sustained an occupational disease in the course and scope of his employment. *See* Tex. Lab.Code Ann. § 406.031 (West 1996). The Texas Workers' Compensation Insurance Fund (the Fund) appealed that judgment to the Fourth Court of Appeals in San Antonio. *See Texas Workers' Compensation Ins. Fund v. Lopez,* No. 4–98–338–CV, 2000 WL 31519 (Tex.App.—San Antonio January 12, 2000, no pet. h.). The Fund refused to pay Lopez benefits during the pendency of its appeal, contending that, under section 410.205 of the Labor Code, the decision of the appeals panel denying compensation was binding until there was a final, non-appealable judgment in the case. *See* Tex. Lab.Code Ann. § 410.205 (West Supp.2000). Lopez notified the Fund that he intended to sue for bad faith in handling his compensation

claim under the Texas Insurance Code and the Deceptive Trade Practices Act. *See* Tex. Ins.Code Ann. art. 21.21 (West 1981 & Supp.2000); Tex. Bus. & Com.Code Ann. §§ 17.40–.63 (West 1987 & Supp. 2000). Before he could do so, the Fund filed suit in Travis County seeking a declaratory judgment on whether its interpretation of section 410.205 was correct and whether the Fund's refusal to pay Lopez during the pendency of the appeal constituted a breach of its policy with its insured. The Travis County district court upheld the Fund's interpretation of the statute and declared that the Fund was therefore not in breach of its insurance policy by refusing to pay benefits until required by a final judgment. We will affirm the district court's judgment.

## BACKGROUND

Appellant Lucas Lopez worked for over twenty years as a sandblaster and painter for T.B. Moran Company in Alice, Texas. Lopez claimed that repeated exposure to silica dust and other particulate matter caused him to suffer the lung condition known as chronic obstructive pulmonary disease and that this condition constituted a compensable injury under the Workers' Compensation Act. *See* Tex. Lab.Code Ann. §§ 401.001–418.002 (West 1996 & Supp.2000).

Lopez was denied benefits at all stages of the administrative proceeding, culminating in an appeals panel decision upholding the denial of benefits. Lopez filed suit in the district court of Jim Wells County. The case was tried to a jury, and the district court rendered judgment on the verdict that Lopez had suffered a compensable injury in the course and scope of his employment and that the Fund was liable for benefits. The Fund appealed this decision and declined to pay benefits during the pendency of the appeal on the basis

that section 410.205(b) of the Labor Code binds the Fund and Lopez to the appeals panel's decision—in this case a decision denying benefits—while appeal is pending.[1]

Lopez then sent a letter to the Fund on February 11, 1998, giving notice of his intent to sue the Fund for bad faith in handling his compensation claim and for alleged violations of the Texas Insurance Code and the Deceptive Trade Practices Act. *See* Tex. Ins.Code Ann. art. 21.21; Tex. Bus. & Com.Code Ann. §§ 17.40–.63. Both statutes require that a claimant give written notice sixty days before filing suit. *See* Tex. Ins.Code Ann. art. 21.21, § 16(e) (West Supp.2000); Tex. Bus. & Com.Code Ann. § 17.505(a) (West Supp.2000).

Eight days before the sixty-day waiting period expired, the Fund filed suit for declaratory relief in Travis County. In its petition, the Fund requested a determination of its rights and obligations under section 410.205 of the Labor Code as well as a determination on whether it had breached the terms of its policy with Moran Company by not paying compensation to Lopez. The district court granted summary judgment in favor of the Fund on both issues. In its order, the court stated that Lopez and the Fund were both bound by the appeals panel's decision until rendition of a final, non-appealable judgment in Lopez's suit and therefore the Fund had not breached the terms of its policy by failing to pay Lopez compensation pending final resolution of the suit.

Lopez appeals the district court's order in three issues, contending: (1) the Fund's suit should have been abated or dismissed because the Fund was engaging in impermissible forum shopping in response to Lopez's notice letter; (2) the court erred in not transferring venue to Jim Wells County because that was the county of mandatory venue; and (3) the court's grant of summary judgment was error be-

---

1. Section 410.205(b) states, "The decision of the appeals panel regarding benefits is binding during the pendency of an appeal under

Subchapter F or G." Tex. Lab.Code Ann. § 410.205(b).

cause it was based on a misconstruction of the Labor Code.

## DISCUSSION

*Denial of Motion to Abate*

■ A court's decision whether to grant a motion to abate is subject to review for abuse of discretion. *See Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 724 (Tex.App.—Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). This Court may not reverse for abuse of discretion merely because we disagree with the decision of the court. *See id.* at 242.

■ In general, the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *See Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Niemeyer v. Tana Oil & Gas Corp.*, 952 S.W.2d 941, 943 (Tex.App.—Austin 1997, no writ). Generally, if a party calls to the second court's attention the pendency of the prior lawsuit by a timely motion to abate, "[a]ny subsequent suit involving the *same parties and the same controversy* must be dismissed." *Gibbs*, 511 S.W.2d at 267 (emphasis added).[2] The proponent of a motion to abate has the burden of proving by a preponderance of the evidence at the hearing on the motion the facts that are alleged in the motion as grounds for abating the case. *See Bernal v. Garrison*, 818 S.W.2d 79, 82 (Tex.App.—Corpus Christi 1991, writ denied).

■ Lopez never asked for a hearing on his motion, none was had, and the court never expressly ruled on the motion. Arguably, therefore, he waived his complaint. Even if considered, we have no way of knowing why the court did not grant the motion. When there are multiple grounds that could support the district court's decision, we will affirm unless all grounds are disproved. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

■ "Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. The plea in abatement must be raised in a *timely* manner, however, or it is waived." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988) (citations omitted) (emphasis added).

■ The Fund filed its suit for declaratory judgment on April 4, 1998; Lopez did not file his motion to abate until February 10, 1999. The court could have found that Lopez's filing his motion to abate over ten months after the suit's inception was untimely. Such a decision would not have been an abuse of discretion. We overrule Lopez's first issue.

*Denial of Motion to Transfer Venue*

■ In his second issue, Lopez argues that Jim Wells was the county of mandatory venue for all proceedings. Lopez claims that the effect of the Fund's Travis County suit was to render the Jim Wells County judgment temporarily invalid. When a party seeks to restrain execution of a judgment based on invalidity of the judgment, mandatory venue lies in the county in which the judgment was rendered. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.013 (West 1986). If a plaintiff's chosen venue is permissive and a defendant moves to transfer venue based on a

2. We question whether, under the facts of this case, granting a motion to abate the Travis County cause would have been appropriate. The record reflects that, although the suit Lopez claims he intended to bring in Jim Wells County involved the same parties, it did not involve the same controversy. Lopez's letter gave the Fund notice of his intent to pursue an action in tort. The Fund's suit sought a declaration of when it was required to pay benefits under the statute, not a determination of its tort liability.

mandatory venue provision, the court must grant the motion. *See Wichita County v. Hart,* 917 S.W.2d 779, 781 (Tex.1996). Failure to grant such a motion is an abuse of discretion requiring reversal and remand for a new trial. *See id.*

 The outcome of this issue is determined by whether the Fund's suit seeking a declaratory judgment constitutes an attack on the validity of the Jim Wells County judgment. We do not believe that it does. Section 15.013 was intended to establish mandatory venue "only [for] suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered, and which should have been adjudicated therein." *Hillkee Corp. v. Harrell,* 573 S.W.2d 558, 560 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.) (construing the precursor to section 15.013). Lopez argues that the Fund's interpretation of Labor Code section 410.205(b) renders the Jim Wells verdict temporarily unenforceable and, in so doing, attacks its validity. But the Travis County district court's interpretation of section 410.205 does not relieve the Fund of the obligation to pay under the Jim Wells County judgment; it merely affects *when* the Fund must pay. Since the Fund does not contest the validity of the judgment, section 15.013 does not provide for mandatory venue of the Fund's request for declaratory relief in Jim Wells County.

 Relying on his argument under 15.013, Lopez does not contend on appeal that Travis County lacked *permissive* venue of the action.[3] In deciding whether to transfer from one permissive venue to another, a court retains discretion, and its decisions are not subject to review on appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(b), (c) (West Supp.2000). Having rejected Lopez's argument, we overrule his second issue.

*Interpretation of Section 410.205(b)*

 In his third issue, Lopez contends that the Travis County district court misconstrued section 410.205(b) of the Labor Code. He argues that the decision of the appeals panel denying benefits remains in effect only until the district court renders a decision, but that the trial court's decision awarding benefits then becomes effective without regard to further appellate review. He bases his position on the fact that section 410.205(b) says, "The decision of the appeals panel regarding benefits is binding during the pendency of an *appeal under Subchapter F or G.*" Tex. Lab.Code Ann. § 410.205(b) (emphasis added). Lopez construes this section to mean the appeals panel's decision is binding only until the district court renders a decision. The Fund defends on the ground that section 410.205(b) necessarily requires that the appeals panel's decision remains in effect until the judicial appellate process is exhausted.

 Statutory construction is a question of law. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989). We review a district court's ruling on a pure question of law *de novo. See Republic W. Ins. Co. v. State,* 985 S.W.2d 698, 701 (Tex.App.—Austin 1999, pet. dism'd w.o.j.).

We agree with the Fund for several reasons. From a policy standpoint, we believe Lopez's construction cannot be correct and would lead to unwarranted results. If we adopted Lopez's approach, a worker in his position would receive benefits once the district court rendered a ruling. On the other hand, a worker being paid benefits under an appeals panel's decision would have those benefits immediately terminated upon the district court's rendition of judgment against him, even

---

3. In his motion to transfer venue, Lopez argued that Travis County was not a proper permissive venue under section 15.002(a). *See* Tex. Civ. Prac. & Rem.Code Ann.

§ 15.002(a) (West Supp.2000). He has abandoned this argument on appeal, and it does not appear in his brief to this Court.

though the court's decision denying benefits might be overturned on appeal. Such an outcome would be contrary to the overarching policy of providing benefits to injured workers as soon as is practical. *See Texas Workers' Compensation Comm'n v. City of Bridge City*, 900 S.W.2d 411, 416 (Tex.App.—Austin 1995, writ denied) (noting that the State has an interest in securing payments to injured workers as quickly as is practical); *see also* Tex. Lab.Code Ann. §§ 410.209, 413.055 (West Supp.2000) (providing for reimbursement to carriers in the event of erroneous payment, thus encouraging carriers to err in favor of payment). We believe the statute as written reflects the State's policy that benefits should be payable or not in accordance with the appeals panel's decision until a final judicial decision rules otherwise. Lopez's interpretation would undermine the general policy of the Workers' Compensation Act.

 Moreover, the text of the Labor Code does not support Lopez's interpretation. Lopez would have us enforce a district court's decision even though it is not yet final and still on appeal. Nowhere does the statute expressly provide for such an outcome. Although Subchapters F and G refer specifically to the "jury" and "trial court," trial court proceedings necessarily contemplate review by appellate courts. Neither subchapter contradicts this implication by expressly providing that the district court's decision becomes effective immediately and remains in effect while being challenged on appeal. Although section 410.305(a) provides that Subchapter G governs if there is a conflict with the Rules of Civil Procedure or any other rules adopted by the supreme court, there is no such conflict here. *See* Tex. Lab.Code Ann. § 410.305(a) (West 1996). We believe the statute clearly provides that the ultimate administrative ruling—whether granting or denying benefits—remains in effect until overturned by a final and enforceable judicial decision.[4]

The district court of Jim Wells County rendered judgment that the Fund is liable to Lopez, but the Fund took appeal of that judgment to the Fourth Court of Appeals. Lopez argues to this Court that the judgment nevertheless became effective because the Fund did not file a supersedeas bond. Our record contains no evidence on that issue, however, and the parties did not raise the matter in their summary judgment proceeding below. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal of a summary judgment. *See* Tex.R. Civ. P. 166a(c). We overrule issue three.

## CONCLUSION

Because we overrule appellant's three issues, we affirm the judgment of the district court.

---

4. The Fund agrees in its response to appellant's motion for rehearing that a claimant who is successful before the appeals panel is entitled to continue receiving benefits until the end of the judicial review process, regardless of the trial court's ruling.