Opinion issued May 4, 2006



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00215-CV




KENNETH WOLFORD, Appellant

V.

AMERICAN HOME ASSURANCE COMPANY., Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2002-32547A




O P I N I O N
 
          This is a workers’ compensation case. Appellant, Kenneth Wolford, appeals
from an order granting summary judgment in favor of appellee, American Home
Assurance Company (“AHAC”). In 2002, AHAC brought suit against Wolford to
challenge a Texas Workers’ Compensation Commission (TWCC) appeals panel’s
decision awarding Wolford certain worker’s compensation benefits. In his answer,
Wolford asserted counterclaims alleging that AHAC’s suit breached the common law
duty of good faith and fair dealing and that the suit itself was groundless and
frivolous. AHAC non-suited its original action against Wolford and moved for
traditional summary judgment on his counterclaims. The trial court granted AHAC’s
motion without specifying the grounds for its decision. In five issues on appeal,
Wolford contends that the trial court erred in granting AHAC’s motion for summary 
judgment because genuine issues of material exist regarding whether AHAC brought
suit for the bad faith purpose of delaying benefit payments.  
          We affirm. 
BACKGROUND
          In May 2001, Wolford, while working at Wal-Mart, injured his back as he
lifted a case of juice. AHAC, the workers’ compensation carrier for Wal-Mart,
received a report describing the injury on May 11, 2001. Wolford subsequently
began physical therapy treatments for which AHAC agreed to pay. After three
months of physical therapy, Wolford’s treating physician determined that Wolford
might be a candidate for back surgery and referred him to a specialist, Dr. Vivek
Kushwaha. Dr. Kushwaha concluded that Wolford suffered from lower disc
degeneration and herniation and devised the following treatment plan:
I am going send him for epidural steroid injections to try to help relieve
his pain. I am going to send for authorizations for microdiskectomy just
in case the injections don’t work so that we can help relieve his leg pain. 
I think a fusion would be necessary to address his degenerative disc but
I would not recommend that for him at this point. I will see him back
after the injections. 

          Upon receiving Dr. Kushwaha’s recommendation that spinal surgery (“fusion”)
would likely be necessary to treat Wolford, AHAC exercised its right to obtain a
second medical opinion prior to approving payment for the surgery. See Tex. Lab.
Code Ann. § 408.026 (Vernon 1996). AHAC referred Wolford to Dr. Stephen Esses,
a professor of clinical orthopedic surgery at Baylor College of Medicine. While his
examination of Wolford detected some disc degeneration and protrusion, Dr. Esses
concluded that he did not concur with Dr. Kushwaha’s recommendation for surgery. 
Wolford subsequently sought the opinion of a third back specialist, Dr. Mark
McDonnell, who agreed with Dr. Kushwaha’s recommendation regarding the need
for surgery. 
          With the three examining specialists offering conflicting opinions, AHAC
sought a contested case hearing before the TWCC. See Tex. Lab. Code Ann. §
410.151 (Vernon 1996). On April 23, 2002, a TWCC hearing officer found in
Wolford’s favor, concluding that the costs of the spinal surgery were reasonable and
necessary and thus covered under AHAC’s policy. AHAC appealed the decision to
a TWCC appeals panel which upheld the hearing officer’s decision. See Tex. Lab.
Code Ann. § 410.202 (Vernon Supp. 2005).
          Having exhausted its administrative appeals, AHAC filed suit against Wolford
in order to obtain judicial review of the appeals panel’s decision pursuant to section
410.251 of the Texas Labor Code. See Tex. Lab. Code Ann. § 410.251 (Vernon
1996). In his answer to AHAC’s suit, Wolford counterclaimed that the carrier’s
decision to seek judicial review was a breach of its common law duty of good faith
and fair dealing and that its suit was groundless and frivolous. By agreement of the
parties, Wolford’s counterclaims were severed from the original action. On January
30, 2004, prior to trial, AHAC non-suited its original action against Wolford with
prejudice. Subsequently, AHAC moved for summary judgment on Wolford’s
counterclaims. The trial court granted AHAC’s summary judgment motion on
February 1, 2005, and this appeal followed. 
DISCUSSION
          Wolford raises five issues on appeal, all of which contend that the existence of 
genuine issues of material fact should have precluded the trial court from granting
AHAC’s motion for summary judgment. Wolford specifically contends that (1) a fact
issue exists regarding whether AHAC had a reasonable basis to seek judicial review
of the appeal panel’s decision or did so solely for the purpose of delaying benefit
payments; (2) AHAC’s non-suit creates a fact issue as to whether AHAC genuinely
relied on Dr. Esses’s report when it filed its suit against Wolford; (3) a fact issue
exists as to when AHAC could have taken a non-suit (Wolford contends that waiting
until shortly before the trial to do so suggests that AHAC filed suit merely to delay
paying for Wolford’s spinal surgery); (4) AHAC’s failure to forward a certified copy
of the appeals panel’s decision to the trial court raises a fact issue regarding whether
AHAC ever intended to pursue its suit; and (5) AHAC’s failure to forward a certified
copy of the appeals panel’s decision to the trial court creates a fact issue as to whether
AHAC’s suit was frivolously filed for the purpose of delaying benefit payments. 
Because Wolford’s contentions are so closely related—all having to do with actions
allegedly showing that AHAC’s suit appealing the administrative decision was filed
solely for the purpose of delay and harassment—we review them together, rather than
as separate issues on appeal. 
          Standard of Review 
          The standard of review for a traditional summary judgment is well established:
(1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that he is therefore entitled to summary judgment
as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant will be taken
as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548–49 (Tex. 1985). 
          For a defendant to prevail on summary judgment, it must either show that there
is no genuine issue of material fact concerning one or more essential elements of the
plaintiff’s cause of action or establish each element of an affirmative defense as a
matter of law. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). If
the defendant disproves an element of the plaintiff’s cause of action as a matter of
law, summary judgment is appropriate. Friendswood Dev. Co. v. McDade & Co., 926
S.W.2d 280, 282 (Tex. 1996). When necessary to establish a fact issue, the non-movant must present summary judgment evidence. Westland Oil Dev. Corp. v. Gulf
Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982). When the summary judgment order
does not state the specific grounds on which it was granted, the non-movant must
show on appeal that no ground alleged in the motion is sufficient to support the
granting of the summary judgment. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989). 
          Duty of Good Faith and Fair Dealing
          A workers’ compensation carrier has a duty to deal fairly and in good faith with
injured employees. See The Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 50–51
(Tex. 1997); Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 212–13 (Tex. 1988). The
duty to treat the claims of injured employees fairly and in good faith arises from the
special relationship between the insurer and insured. Aranda, 748 S.W.2d at 212. 
Because of the disparity in bargaining power between the two parties, the duty of
good faith and fair dealing is necessary to insure that workers’ compensation carriers
do not exercise their leverage to unjustly dismiss the claims of injured employees. 
Id. 
          To successfully bring an action for breach of the duty of good faith and fair
dealing, a workers’ compensation claimant must show that his compensation carrier
(1) delayed or denied payment of benefits; (2) without a reasonable basis for doing
so; and (3) knew or should have known that no reasonable basis existed for the delay
or denial of benefits. See Giles, 950 S.W.2d at 56. Thus, if the payment of benefits
was not delayed or denied, no breach of the duty of good faith and fair dealing would
attain as a matter of law. See id. Alternatively, even in the event that a carrier’s
actions did delay or deny benefits, a breach of the duty does not arise if such actions
were reasonable. See id. In assessing reasonableness, a reviewing court must first
determine the basis for a carrier’s actions and then conduct a qualitative evaluation
to determine if the carrier’s reliance on this basis was reasonable. See Columbia Life
Ins. Co. v. Miles, 923 S.W.2d 803, 809 (Tex. App.—El Paso 1996, writ denied). 
          A workers’ compensation provider may seek judicial review of a TWCC
appeals panel’s decision pursuant to section 410.251 of the Texas Labor Code. See
Tex. Lab. Code Ann. § 410.251 (“A party that has exhausted its administrative
remedies under this subtitle and that is aggrieved by a final decision of the appeals
panel may seek judicial review.”). When a suit is brought challenging the decision
of a TWCC appeals panel, the appeals panel’s decision remains binding until there
is a final non-appealable judgment in the case. See Tex. Lab. Code Ann. §
410.205(b); Lopez v. Texas Workers’ Comp. Ins. Fund, 11 S.W.3d 490, 492–95 (Tex.
App.—Austin 2000, no pet.). Thus, if the appeals panel awards certain benefits to a
claimant and the claimant’s provider brings suit seeking judicial review of the award,
the claimant is entitled to receive the benefits at issue during the pendency of the
provider’s appeal. See Lopez, 11 S.W. 3d at 492–95. In the event that a claimant
obtains medical treatment in accordance with a subsequently reversed appeals panel
decision, the claimant is not required to reimburse his provider for any payments the
provider made on behalf of the claimant prior to the panel’s decision being
overturned. Instead, the provider obtains reimbursement from a state run subsequent
injury fund.



          Here, the TWCC appeals panel determined that Wolford was entitled to spinal
surgery benefits payable by AHAC. As a matter of law, AHAC’s decision to seek
judicial review of this determination could not delay or deny Wolford’s benefits since
his entitlement to the disputed benefits remained binding during the pendency of
AHAC’s appeal and Wolford faced no risk of having to reimburse AHAC for any
payments he received during the duration of AHAC’s suit. See Tex. Lab. Code Ann.
§§ 410.205(b), 410.209. Nor did Wolford present any evidence indicating that
AHAC’s suit prevented him from obtaining benefits. As noted, a claimant must show
that his carrier’s actions delayed or denied the payment of benefits in order to make
a successful claim that the duty of good faith and fair dealing was breached. Aranda,
748 S.W.2d at 212–13.  
          We hold that the trial court did not err in granting AHAC summary judgment
on Wolford’s breach of good faith and fair dealing claim.



Wolford’s Claim that AHAC’s Suit was Groundless and Brought for
Harassment or Delay

          In his second amended answer, Wolford asserted that AHAC’s suit against him
was groundless and frivolous pursuant to Chapters 9 and 10 of the Texas Civil
Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. 
These statutory and procedural provisions allow one to seek sanctions against a party
who signs a pleading or motion knowing that it is groundless and brought for the
purposes of harassment or delay. See Tex. Civ. Prac. & Rem. Code Ann. §§ 9.011,
10.001 (Vernon 2002); Tex. R. Civ. P. 13. Here, as noted, AHAC possessed a
statutory right to seek judicial review of the TWCC appeals panel’s decision. See
Tex. Lab. Code Ann. § 410.251 (Vernon 1996); In re Tyler Asphalt & Gravel Co.
107 S.W.3d 832, 840 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). 
Furthermore, based on the non-unanimous medical opinions regarding Wolford’s
need for surgery, a reasonable basis existed for AHAC to challenge the determination
of the appeals panel. Thus, its suit was not groundless. We therefore conclude that
the trial court did not abuse its discretion in declining to sanction AHAC.CONCLUSION
          We affirm the judgment of the trial court. 
          
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.