NUMBER 13-07-537-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CHRISTI BAY TEMPLE, Appellant,


v.



GUIDEONE SPECIALTY MUTUAL

INSURANCE COMPANY, ET AL., Appellees.

 


On appeal from the 28th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Appellant, Christi Bay Temple ("the church"), appeals the trial court's order
dismissing for want of prosecution its suit against appellees, Guideone Specialty Mutual
Insurance Company, Texas Windstorm Insurance Association, Quantum Claim Service,
L.L.C., Crawford Claim Services, Guideone Lloyds Insurance Company, Guideone Mutual
Insurance Company, Guideone Elite Insurance Company, and Guideone Lloyds of Texas,
Inc. (collectively "Guideone"). By three issues, the church contends the trial court abused
its discretion in (1) granting Guideone's plea in abatement and (2) granting its motion to
dismiss. It also contends the trial court fundamentally erred by signing the motion to
dismiss for want of prosecution. We modify the trial court's judgment and affirm as
modified. 

I. Background


 The underlying claims in this case--an insurance dispute concerning alleged 
damages to church property--are not at issue in this appeal. On July 12, 2004, the church
sued Guideone, alleging various causes of action. Almost a year later, on May 27, 2005,
the trial court held a hearing to determine whether the case should be dismissed for want
of prosecution. The church's counsel requested that the case be retained and promised
to request a docket control conference. 

 On October 13, 2005, Guideone submitted discovery requests to the church,
including a request for a copy of the deed to the church property. Although the church did
not produce a copy of the deed, it promised to do so at a later time. On June 22, 2006, the
trial court set a trial date for February 26, 2007. By letters dated October 16, 2006 and
February 2, 2007, Guideone's counsel again requested a copy of the title deed to the
subject property.

 On February 14, 2007, Guideone filed its third amended answer and a plea in
abatement, in which it argued, among other things, that the church lacked capacity to bring
suit because it is a non-profit corporation that forfeited its corporate charter in 1983. (1) 
Guideone attached documents obtained from the Secretary of State's Office reflecting that
"Christi Bay Temple of Corpus Christi, Texas" filed as a non-profit corporation in 1980 and 
forfeited its corporate charter in 1983 for failure to comply with franchise-tax-filing
requirements. The church filed a response to the plea in abatement, arguing that
Guideone waived its plea by waiting to file it more than two years after suit was filed. 

 The trial court heard argument on Guideone's plea in abatement at a final pretrial
hearing on February 16, 2007. At the hearing, the church's counsel argued that
Guideone's plea in abatement was "a bad faith 11th hour attempt to avoid liability" and was
therefore waived. Guideone's counsel argued that the church's waiver argument was
unpersuasive because the church had delayed in producing a copy of the title deed for a
year and a half. The church's counsel appeared to concede that the church had forfeited
its corporate charter by stating, "I believe the reason why the charter was forfeited in 1983 
is because [the church] became affiliated under the Pentecostal Church of God . . . ." He
also stated that "if it turns out that [the church] need[s] to reestablish their corporate charter
just to go forward with trial, that's something that . . . can easily be done." 

 By order dated the same day as the hearing, the trial court granted Guideone's plea
in abatement. The order states that the church forfeited its corporate charter in 1983, and
orders the cause "abated until such time as Plaintiff demonstrates that it had cured the
incapacity referenced herein." 

 On February 21, 2007, the church filed a motion to reconsider the ruling on
Guideone's plea in abatement. The church argued that this issue of its forfeiture was
"moot" because the named insured on the insurance policy was "Christi Bay Temple," not
"Christy Bay Temple, Inc." Following a hearing on February 23, 2007, the trial court denied
the church's motion. 

 On April 23, 2007, the church filed a motion to lift the abatement, in which it
asserted that it was "incorrect" that it was a "defunct corporation," and that it had "never
been a corporation." On May 10, 2007, Guideone filed a combined response to the
church's motion to lift the abatement and motion to dismiss for want of prosecution. 
Guideone noted that the church continued to make the same argument that had already
been rejected by the trial court--that it had not ever been a corporation. Guideone argued
that the case should be dismissed for want of prosecution under the trial court's inherent
power because: (1) the case had been pending for three years and survived a dismissal
docket hearing in 2005; (2) although the trial court had made it clear that the church could
not continue its suit unless and until it cured its charter forfeiture, it had not done so; and
(3) the church ignores the documentary evidence which contradicts its assertion that it is
not a corporation. On May 14, 2007, the church filed a response to Guideone's motion to
dismiss, in which it characterized Guideone's motion as "another in a long line of dilatory
tactics." On July 23, 2007, Guideone filed a reply to the church's response, in which it
argued that five months had elapsed since the church was given an opportunity to 
reinstate its corporate charter, but it had not done so. Following a hearing on July 26,
2007, (2) the trial court granted Guideone's motion to dismiss for want of prosecution on July
31, 2007. The record does not reflect that the church filed a motion to reinstate.

II. Standard of Review and Applicable Law


 We review a dismissal for want of prosecution under an abuse of discretion
standard. (3) The trial court abuses its discretion when it acts without reference to any
guiding rules or principles. (4)

 A trial court may dismiss a case for want of prosecution under rule 165a for (1)
failure to appear or (2) failure to comply with the supreme court time standards. (5) In
addition, a trial court may dismiss a case for want of prosecution under its inherent power
to control its docket if the case has not been prosecuted with diligence. (6) When deciding
whether to dismiss a case for want of prosecution, the trial court may consider the entire
history of the case, including the amount of activity in the case, the length of time the case
was on file, requests for a trial date, and the existence of reasonable excuses for delay. (7) 
No single factor is dispositive. (8) The central question is whether appellants exercised due
diligence in prosecuting the case. (9) When called upon to determine whether or not the trial
court committed a clear abuse of discretion, we must look at the record in its entirety. (10) 

 If, as here, the trial court's order dismissing a case for want of prosecution does not
specify a particular reason for the dismissal, the appellate court will affirm if any proper
ground supports the dismissal. (11) The party that complains of abuse of discretion has the
burden to produce a record showing such abuse. (12) The burden of proof for abuse of
discretion rests with the complaining party because of the presumption that the trial court's
action was justified. (13)

 A court's decision whether to grant a motion to abate is also subject to review for
abuse of discretion. (14) A trial court abuses its discretion when it acts in an unreasonable
and arbitrary manner, or without reference to any guiding rules or principles. (15) We may not
reverse for abuse of discretion merely because we disagree with the decision of the court. (16)

 Generally, a defendant uses a plea in abatement to challenge the plaintiff's
pleadings by asserting that facts outside the pleadings prevent the suit from going forward
in its present condition. (17) In the plea, the defendant must identify some impediment to the
continuation of the suit, identify an effective cure, and must ask the court to abate the suit
until the plaintiff corrects the defect. (18) By granting the plea, the trial court gives the plaintiff
an opportunity to cure the defect. (19) If the plaintiff fails to cure the defect, the trial court will
dismiss the suit without prejudice. (20) The use of a plea in abatement to finally dispose of
litigation is not to be encouraged. (21) Accordingly, a court should not dismiss a lawsuit
immediately after granting a plea in abatement without giving the plaintiff an opportunity
to amend the attacked pleadings. (22)

 A plea in abatement must be raised in a timely manner or it is waived. (23) Generally,
a court may examine the equities of the situation in deciding whether a plea in abatement
is timely filed. (24)

III. Discussion 


A. Motion to Abate 


 By its first issue, the church contends that the trial court abused its discretion in
granting the plea in abatement because Guideone: (1) waived its plea in abatement by
failing to raise it in a timely manner; and (2) failed to present evidence establishing its
entitlement to a plea in abatement.

 In support of its waiver argument, the church cites Bluebonnet Farms, Inc. v.
Gibraltar Sav. Ass'n., (25) and argues it is "factually similar." We disagree. In Gibraltar, the
court held that a defendant's plea that the plaintiff lacked capacity to sue was waived when
(1) the plea was not filed until four years after the suit was instituted, (2) it was too late for
the plaintiff to correct the defect, and (3) the defendant's only explanation for the delay was
to ensure that the plaintiff could not correct the defect before limitations ran. (26) Here,
Guideone presented evidence that despite Guideone's repeated requests that the church
produce a copy of the title deed, the church delayed in doing so for sixteen months. The
church also cites Lopez v. Tex. Worker's Comp. Ins. Fund in support of its waiver
argument. (27) In Lopez, however, the court rejected Lopez's claim that the trial court should
have granted his motion to abate, in part, because he failed to request a hearing on his
motion, no hearing was held, and the trial court did not expressly rule on the motion. (28) We
find the church's reliance on Gibraltar and Lopez to be misplaced. We hold that,
considering the equities of the situation, the trial court did not abuse its discretion in
rejecting the church's argument that Guideone waived its plea in abatement. 

 We are also unpersuaded by the church's argument that Guideone failed to present
evidence in support of its motion to abate. According to the church, Guideone "simply has
no evidence . . . that an entity named Christi Bay Temple of Corpus Christi, Texas, a non-profit corporation which ceased to exist in 1983, ever owned the church property at issue
in this case." We disagree. Guideone presented evidence establishing that "Christi Bay
Temple of Corpus Christi, Texas" is a non-profit corporation that forfeited its charter in
1983. As noted, the trial court's order granting the plea in abatement found that the church 
forfeited its corporate charter in 1983 and granted the abatement until the church cured its
incapacity. We hold the trial court did not abuse its discretion in granting the plea in
abatement. (29) We overrule the church's first issue.

B. Motion to Dismiss 


 By its second issue, the church contends the trial court abused its discretion in
granting the motion to dismiss. Although the church acknowledges that the trial court's
order abated the case to give the church an opportunity to cure its incapacity, the church
argues it "cannot revive its corporation status when it has not operated as a corporation."

 In response, Guideone asserts that after the February 16, 2007 hearing on the plea
in abatement, the church "did nothing whatsoever to cure its charter forfeiture to bring itself
into compliance with the requirements of the Texas Tax Code." 

 We first note that the record on appeal does not include the record of the July 26,
2007 dismissal hearing. Generally, in the absence of a reporter's record, it must be
presumed that sufficient evidence was introduced to support the judgment of the court. (30) 
Also, the burden is on a party appealing from a trial court's judgment to show that the
judgment is erroneous in order to obtain a reversal. (31) In the absence of a reporter's record
from the dismissal hearing, we must presume that sufficient evidence was introduced to
support the judgment of the court. (32)

 Moreover, we note that section 171.251 of the tax code provides that, if a
corporation does not pay its corporate franchise tax, its corporate privileges are forfeited. (33) 
Under section 171.252, if a corporation's corporate privileges are forfeited, the corporation
is denied the right to sue or defend in a court of this state. (34) However, a corporation can
be reinstated by filing the appropriate paperwork and paying any delinquent tax, penalty,
or interest. (35)

 As Guideone notes, at the July 26, 2007 hearing on the church's motion to lift the
abatement and Guideone's motion to dismiss, the church had not cured its incapacity. We
hold the trial court did not abuse its discretion in granting Guideone's motion to dismiss for
want of prosecution. (36) We overrule the church's second issue. 

C. Judgment on the Merits


 By its third issue, the church contends the trial court erred because the order
granting the motion to dismiss renders a judgment on the merits. We agree. 

 The trial court's judgment states, in pertinent part:

IT IS THEREFORE, ORDERED that this cause be, and is hereby, dismissed
in its entirety, with costs of court adjudged in favor of Defendants.


 All relief not expressly granted herein is denied. 


 A dismissal for want of prosecution is not intended to be an adjudication of the
merits of the case or the rights of the parties; it merely returns the parties to the position
that they were in before suit was filed. (37) In rendering judgment dismissing a lawsuit for
want of prosecution, a trial court must refrain from rendering judgment on the merits of the
lawsuit. (38) If the order dismissing for want of prosecution purports to make any disposition
on the merits, it is error. (39) Accordingly, we hold that the inclusion of the Mother Hubbard
clause and the allocation of costs in the instant case was error. (40) We sustain the church's
third issue and modify the trial court's judgment to delete the allocation of costs in favor of
Guideone and the phrase, "All relief not expressly granted herein is denied." (41)

IV. Conclusion 


 We modify the trial court's judgment to delete (1) the allocation of costs in
Guideone's favor and (2) the phrase, "All relief not expressly granted herein is denied." We
affirm the judgment as modified. (42)



 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum Opinion delivered and filed this 

the 31st day of March, 2009.



 

 
1. See Tex. Tax Code Ann. §§ 171.251, 171.252 (Vernon 2008) (providing, respectively, for forfeiture
of corporate privileges for failure to pay corporate franchise taxes and that such forfeiture deprives a
corporation of the right to sue or defend in Texas courts). 
2. The record does not include a transcription of the July 26, 2007 hearing. The order states, however,
that on July 26, 2007, "[t]he parties appeared by and through their respective attorneys of record." The docket
sheet also reflects that the hearing took place on July 26, 2007. We also note that the record is silent as to
whether the required notice of the dismissal hearing was sent. See Villarreal v. San Antonio Trucking &
Equip., 994 S.W.2d 628, 630 (Tex. 1999) (holding that "[t]he failure to provide adequate notice of the trial
court's intent to dismiss for want of prosecution requires reversal."). However, "mere silence as to whether
notice was sent does not establish that notice was not sent or that it was sent to the wrong address." 
Alexander v. Lynda's Boutique, 134 S.W.3d 845, 850 (Tex. 2004). Moreover, the church does not complain
that it did not receive adequate notice. 
3. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); In re R.C.R., 230 S.W.3d 423, 426 (Tex.
App.-Fort Worth 2007, no pet.); WMC Mortgage Corp. v. Starkey, 200 S.W.3d 749, 752 (Tex. App.-Dallas
2006, pet. denied).
4. MacGregor, 941 S.W.2d at 75; WMC Mortgage Corp., 200 S.W.3d at 752 (citing Jimenez v.
Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex. App.-Houston [14th Dist.] 1999, no pet.)).
5. See Tex. R. Civ. P. 165a(1), (2). 
6. WMC Mortgage Corp., 200 S.W.3d at 752.
7. Id.; see Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 58 (Tex. App.-Houston [14th Dist.] 1993, no writ)
(citing City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.-Houston [1st Dist.] 1992, no writ)). 
8. City of Houston, 838 S.W.2d at 297. 
9. Id. 
10. Id. 
11. Id. 
12. Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987).
13. See Manning v. North, 82 S.W.3d 706, 709 (Tex. App.-Amarillo 2002, no pet.). 
14. Lopez v. Tex. Worker's Comp. Ins. Fund, 11 S.W.3d 490, 493 (Tex. App.-Austin 2000, pet. denied). 
15. Id. (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). 
16. Id. (citing Downer, 701 S.W.2d at 242). 
17. Martin v. Dosohs I, Ltd., 2 S.W.3d 350, 354 (Tex. App.-San Antonio 1999, pet. denied). 
18. Id. 
19. Id.
20. Id.
21. Id.
22. Id.
23. Lopez, 11 S.W.3d at 493 (citing Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988)). 

24. In re Louisiana-Pacific Corp., 112 S.W.3d 185, 189 (Tex. App.-Beaumont 2003, orig. proceeding). 
25. Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n, 618 S.W.2d 81, 83 (Tex. App.-Houston [1st Dist.]
1980, writ ref'd n.r.e.). 
26. See id. at 84. 
27. See Lopez, 11 S.W.3d at 493. 
28. See id. 
29. See id.
30. Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987).
31. Id. 
32. See id. 
33. See Tex. Tax Code Ann. § 171.251; Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,
994 S.W.2d 830, 838-39 (Tex. App.-Houston [1st Dist.] 1999, no pet.). 
34. See Tex. Tax Code Ann. § 171.252. 
35. See id. §§ 171.312-171.313 (Vernon 2008); Odessa Tex. Sheriff's Posse, Inc. v. Ector County, 215
S.W.3d 458, 468 (Tex. App.-Eastland 2006, pet. denied); Hinkle v. Adams, 74 S.W.3d 189, 193 (Tex.
App.-Texarkana 2002, no pet.); Lighthouse Church of Cloverleaf v. Tex. Bank, 889 S.W.2d 595, 600 (Tex.
App.-Houston [14th Dist.] 1994, writ denied) ("a corporation which has forfeited it[s] corporate charter for
failing to pay franchise taxes is never truly dead, but may be resurrected by paying the delinquent taxes"). 

36. See In re R.C.R., 230 S.W.3d at 426; WMC Mortgage Corp., 200 S.W.3d at 752. 
37. See, e.g., Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 379 n.8 (Tex.
App.-Corpus Christi 1999, no pet.); Alvarado v. Magic Valley Elec. Co-op, Inc., 784 S.W.2d 729, 733 (Tex.
App.-San Antonio 1990, writ denied). 
38. Alvarado, 784 S.W.2d at 733. 
39. Garcia-Marroquin, 1 S.W.3d at 379 n.8. 
40. See id. 
41. See Tex. R. App. P. 43.2(b).
42. We also note that the dismissal is without prejudice. See Attorney Gen. v. Rideaux, 838 S.W.2d
340, 342 (Tex. App.-Houston [1st Dist.] 1992, no writ).