CHRISTI BAY TEMPLE, Petitioner,

v.

GUIDEONE SPECIALTY MUTUAL INSURANCE CO., et al.,
Respondents.

No. 09–0683.

Supreme Court of Texas.

Dec. 3, 2010.

Rehearing Denied Feb. 25, 2011.

---

William J. Chriss, Law Offices of William J. Chriss, Austin, TX, Brendan K. McBride, The McBride Law Firm, Matthew R. Pearson, Shannon Elizabeth Loyd, Marc E. Gravely, Gravely & Pearson, L.L.P., San Antonio, TX, for Christi Bay Temple.

Vaughan E. Waters, Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C., San Antonio, TX, for GuideOne Specialty Mutual Insurance Company.

PER CURIAM.

The issue on appeal is whether a church lacked capacity to sue its insurance carrier for breach of contract. The defendant insurance carrier moved to abate and later to dismiss the action, arguing that the church lacked capacity because it was a non-profit corporation which had lost its charter. The court of appeals agreed, affirming the trial court's judgment dismissing the underlying suit. 330 S.W.3d 318. The church maintains, however, that it has never operated as a non-profit corporation but rather is an unincorporated religious association. Because there is no evidence that the church ever functioned as a corporation or otherwise lacked capacity to sue its insurance carrier for breach of contract, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Christi Bay Temple of Corpus Christi, Texas, is a member church of the Pentecostal Church of God. Operating as an unincorporated religious association, the trustees of the church acquired title to property for its ministry in 1976. This property sustained water damage in 2001. GuideOne Specialty Mutual Insurance Company insured the property at the time of the loss. Although GuideOne accepted coverage, the church was ultimately dissatisfied with the adjustment of its claims and sued for additional damages.

GuideOne generally denied that it owed the church any more money for its loss. Two and a half years later and shortly before trial was to commence, GuideOne amended its answer to include a verified plea in abatement challenging the church's capacity to sue. In this plea, GuideOne averred that the church was, in fact, a non-profit corporation that had forfeited its charter years earlier and thus lacked capacity to sue or, for that matter, even contract for insurance.

The trial court apparently agreed, granting the plea in abatement and several months later dismissing the church's lawsuit for want of prosecution after the church failed to cure the problem. The court of appeals subsequently affirmed finding no abuse of discretion. 330 S.W.3d at 321.

■ The church complains that the lower courts erred in abating, and subsequently dismissing, its action against GuideOne because that lawsuit belonged to it rather than to a similarly-named, nonprofit corporation. This similarly-named corporation was chartered in 1980 and promptly forfeited its charter eighteen months later when it failed to file its franchise tax report. The church argues that this corporation has no connection to the insured property. The church acquired the property four years before the creation of the similarly-named corporation, and GuideOne issued the policy almost twenty years after that corporation ceased to exist. The church submits that it brought

this suit as an unincorporated religious association because that is how it has always operated. An unincorporated association organized for nonbusiness purposes generally has the legal capacity to sue or be sued in its assumed name. TEX.R. CIV. P. 28.

■ GuideOne argues, however, that the church ceased to exist as an association in 1980 when the non-profit corporation, bearing the same name and a similar affiliation with the Pentecostal Church of God, was created. GuideOne submits that upon becoming a corporation the church lost the capacity to litigate as an unincorporated association. Only a party that actually or legally exists may bring a lawsuit. *See Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (noting that a party who lacks the legal authority to act lacks capacity); *see also Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex.2005) (describing capacity as a procedural issue dealing with the personal qualifications of a party to litigate).

■ As the party challenging capacity, GuideOne bore the burden of proof. *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex.1966). GuideOne's proof here rests entirely on the articles of incorporation that created the non-profit corporation in 1980 with a similar name to and same religious affiliation as the church. Beyond that, GuideOne presumes that the individuals who filed these articles had some connection to the church and intended for the church to assume this corporate form. There is no specific proof of this, however, nor is there any other evidence to connect this corporation to the present suit or any other church activity.

The church maintains that it has always operated as an unincorporated religious association, and the record does not suggest otherwise. There is no evidence that the church transferred any property or assets to the non-profit or conducted any activity or ministry as a non-profit corporation. The record reflects only that the church and corporation have similar names. This fact alone, however, fails to raise even a suspicion that the church lacked capacity to prosecute this case. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex.2006) (observing that surmise and suspicion are not evidence).

Because there is no evidence that the church lacked capacity, the courts below erred in dismissing its claims for want of prosecution. Accordingly, we grant the petition for review, and, without hearing oral argument, reverse the court of appeals' judgment and remand the cause to the trial court. TEX.R.APP. P. 59.1.